## HODGE *v.* MUSCATINE COUNTY, IOWA.

### ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 150. Argued December 9, 12, 1904.—Decided January 16, 1905.

If the taxpayer be given an opportunity to test the validity of a tax at any time before it is made final, either before a board having *quasi* judicial character, or a tribunal provided by the State for that purpose, due process is not denied, and if he does not avail himself of the opportunity to present his defense to such board or tribunal, it is not for this court to determine whether such defense is valid.

A State may reserve to itself the right to tax or prohibit the sale of cigarettes, and while this court is not bound by the construction given to a statute by the highest court of the State as to whether a tax is or is not a license to sell it will accept it unless clearly of the opinion that it is wrong.

Section 5007, Iowa Code, imposing a tax against every person and upon the real property and the owner thereof whereon cigarettes are sold does not give a license to sell cigarettes, nor is it invalid as depriving the owner of the property of his property without due process of law, because it does not provide for giving him notice of the tax, §§ 2441, 2442, Iowa Code, providing for review with power to remit by the board of supervisors.

Whether or not a state statute violates the state constitution in not stating distinctly the tax and the object to which it is to be applied is a local and not a Federal question.

A tax to carry on a business may be made a lien on the property whereon the business is carried and the owner is presumed to know the business there carried on and to have let the property with knowledge that it might be encumbered by a tax on such business.

THIS was a petition in the District Court by the owner and tenant of certain real estate in Muscatine, used for a tobacconist's shop, to enjoin the defendants from assessing and collecting a tax of $240, upon the ground of the unconstitutionality of the law.

Demurrers were interposed to the petition and to certain amendments thereto, which were sustained, the bill dismissed, and an appeal taken to the Supreme Court of Iowa, which affirmed the judgment of the court below. 121 Iowa, 482.

*Mr. Junius Parker*, with whom *Mr. Frank S. Dunshee* and *Mr. W. W. Fuller* were on the brief, for plaintiffs in error.[1]

*Mr. Henry Jayne* for defendant in error.[1]

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

This case involves the same questions as those just disposed of in *Cook v. Marshall County*, and in addition thereto the point is made that the laws of Iowa deny to the owner of property leased for the sale of cigarettes due process of law.

To answer satisfactorily the question thus presented, it is necessary to consider the laws of Iowa respecting the tax upon cigarette dealers, and the methods of enforcing the same.

By section 5006 a fine and imprisonment are imposed for selling cigarettes.

By section 5007, printed in full in the *Marshall County* case,[2] a tax of $300 per annum is assessed "against every person . . . and upon the real property, and the owner thereof," whereon cigarettes, etc., are sold, or kept with intent to be sold, with a provision that "such tax shall be in addition to all other taxes and penalties, shall be assessed, collected and distributed in the same manner as the mulct liquor tax, and shall be a perpetual lien upon all property both personal and real used in connection with the business; and the payment of such tax shall not be a bar to prosecution under any law prohibiting" the selling of cigarettes.

This assessment is made collectible as is a similar charge made upon dealers in liquor as follows:

By section 2433 the assessor makes quarterly returns to the auditor of the persons liable to the tax, and a description of the real property whereon the business has been carried.

---

[1] Argued simultaneously with No. 98, *Cook v. Marshall County*; for abstract of arguments see p. 262, *ante*.

[2] See p. 268, *ante*.

By section 2436 the charge is made payable in quarterly installments, and shall be a lien upon the real property.

By section 2437 the auditor certifies quarterly to the county treasurer a list of the names returned to him by the assessor, with a description of the names of the tenant and owner.

By section 2438 the county treasurer enters upon the mulct tax book a quarterly installment of the tax as a lien and charge upon the real property.

By section 2439, if the tax is not paid within a month, it shall be considered delinquent and be collectible as other delinquent taxes.

By section 2440 the treasurer may collect the same, after it has become delinquent, by seizing and selling any personal property.

By section 2441 application may be made to the board of supervisors to remit the tax by petition duly verified and filed with the county auditor eight days before the time set for the consideration of the case, notice of which must be served upon the county attorney.

By section 2442 the owner of the property may be heard in support of his application. A majority of the board determines whether the tax shall stand or be remitted, and either party may take an appeal to the District Court.

These are all of the provisions of the law material to be considered.

We do not deem it necessary to affix a definition to the charge imposed by section 5007. It is certainly not an ordinary license tax, as the payment of such tax is no bar to a prosecution for selling cigarettes under section 5006. In *Smith* v. *Skow*, 97 Iowa, 640, it is said, in speaking of the mulct liquor tax, to which this is analogous, that though called a tax in the statute, it is not in fact a tax as we usually use the word. "It is in reality a charge or license for carrying on the business of vending liquors, which charge is made by statute a lien upon all property, both real and personal, used or connected with the business." In *Ferry* v. *Deneen*, 82 N. W. Rep. 424, it is

observed by the same court, "it is apparent, taking all the provisions of this act together, that the amount imposed, while called a 'tax,' is at the same time a penalty."

But in the opinion of the court in the case under consideration, the charge imposed by section 5006 is said to be "clearly not a license, for it does not grant permission to do an act which, without such permission, would be invalid. . . . It is manifestly a tax upon the traffic which the legislature saw fit to impose, not for the purpose of giving countenance to the business, but as a deterrent against engaging therein. . . . Indeed, we think it may fairly be said to be a tax upon the business. That a tax is imposed for the double purpose of regulation and revenue is no reason for declaring it invalid. . . . Being a tax, it was competent for the legislature to prescribe the proceedings and processes for its collection."

This being the latest expression of opinion of the Supreme Court of Iowa, we accept it for the purposes of this case. If it be not a construction binding upon us, it is, at least, a construction which we ought to follow, unless we are clearly of opinion that it is wrong.

In the case of *McBride* v. *State*, 70 Mississippi, 716, cited by plaintiffs, it was held that a statute providing that a person selling liquor unlawfully should be subject to pay, "where the offense is committed," the sum of $500, and should also be liable to a "criminal prosecution," imposed a penalty and not a tax, and that a proceeding to collect such penalty by distress was unconstitutional; but a distinction was drawn in that case between a penalty and a tax, and it was intimated that a proceeding by distress to collect a tax would not be open to a like objection.

It is not easy to draw an exact line of demarkation between a tax and a penalty, but in view of the fact that the statute denominates the assessment a "tax," and provides proceedings appropriate for the collection of a tax, but not for the enforcement of a penalty, and does not contemplate a criminal prosecution, we cannot go far afield in treating it as a tax

rather than a penalty. Section 5006 does indeed impose a penalty, but section 5007 imposes a tax, with an additional provision that the payment of the tax shall not absolve the party from the penalty. It would be a distortion of the words employed to speak of section 5007 as imposing an additional penalty. The act itself provides in terms that such tax shall be an addition to all other taxes *and penalties,* and elaborate provision is made for its enforcement. The mere fact that the charge, whatever it may be, is made a lien upon the real estate and a personal claim against the landlord indicates that it is the nature of a tax rather than a penalty.

There is no conflict between the two sections, the State reserving to itself an election to proceed under the one or the other. If Congress may provide that a license granted by it to sell liquors shall not be construed to authorize the sale of such liquors when prohibited by the laws of the State, as was held by this court in *McGuire* v. *Commonwealth,* 3 Wall. 387; *The License Tax Cases,* 5 Wall. 462; *Commonwealth* v. *Crane,* 158 Massachusetts, 218; *Pervear* v. *Commonwealth,* 5 Wall. 475, we see no reason why the State itself may not exercise the same power and reserve to itself the right to tax or prohibit, as in individual cases it may see fit.

2. Coming now to the provisions for its enforcement, it is entirely clear that, as to the person actually carrying on the business, no notice of the assessment or levy of the tax is necessary. If the person carries on the business, the imposition of the tax follows as a matter of course. There is no discretion as to the amount. *McMillen* v. *Anderson,* 95 U. S. 37; *Hagar* v. *Reclamation District,* 111 U. S. 701; *Turpin* v. *Lemon,* 187 U. S. 51; *In re Smith,* 104 Iowa, 199.

It was within the power of the legislature to make the tax a lien upon the property whereon the business was carried. If general taxes upon real estate and specific taxes for improvements thereto, including pavements, sidewalks, sewers, the opening of streets and keeping them clean, may be made liens upon the property affected, it is difficult to see why a tax

upon the business carried on upon such property may not be made a lien as well as a claim against the owner. The owner is not only chargeable with a knowledge of the law in respect thereto, but he is presumed to know the business there carried on, and to have let the property with knowledge that it might become encumbered by a tax imposed upon such business. *Sheldon v. Van Buskirk,* 2 N. Y. 473; *Brown Shoe Co. v. Hunt,* 103 Iowa, 586; *Polk Co. v. Hierb,* 37 Iowa, 361; *State v. Snyder,* 34 Kansas, 425; *Hardten v. State,* 32 Kansas, 637; *Sears v. Cottrell,* 5 Michigan, 251; *Walderon v. Lee,* 5 Pick. 323; *Spencer v. M'Gowen & Shepard,* 13 Wend. 256; *Simpson v. Serviss,* 2 Ohio Circuit Decisions, 246.

Acts of Congress impressing liens upon real estate for taxes or penalties arising from business illegally carried on there, have been the frequent subject of controversy in this court.

Conceding that the landowner is entitled to notice before he can be personally liable, or before his property can be impressed with a lien, we are of opinion that he is protected by sections 2441 and 2442, which permit him to make application at the meeting of the board of supervisors next following the listing of the property, the sessions of which board are fixed by law, Iowa Code, sec. 412, to remit the tax. This application may be made at any time after the property has been assessed, upon eight days' notice being given to the county attorney. Witnesses are examined under oath before the board, which determines by a majority vote whether the tax shall stand or be remitted. If the petition be denied, the owner of the property can appeal to the District Court for a judicial determination of his liability. This is sufficient. If the taxpayer be given an opportunity to test the validity of the tax at any time before it is made final, whether the proceedings for review take place before a board having a *quasi* judicial character, or before a tribunal provided by the State for the purpose of determining such questions, due process of law is not denied. It was held by this court in *Pittsburg &c. Ry. Co. v. Backus,* 154 U. S. 421, 426, that a hearing before

judgment, with full opportunity to present the evidence and the arguments which the party deems important, is all that can be· adjudged vital.· See also *King* v. *Mullins,* 171 U. S. 404.

In the amendment to the petition in this case the landowner states that she had no knowledge whatever that her real estate was being used for the sale of cigarettes until after the assessment was levied, and never consented to the same; that she resides in Illinois, and rented the property through· an agent, who had had no knowledge himself of the sale of cigarettes upon the premises. There is no allegation, however, that she did not have knowledge within ample time to make application to the board of supervisors for the remission of the tax. If such application had been made, it would have been the duty of the board to take the matter into consideration and determine whether her want of knowledge would justify the remission of the tax. It is not for us to determine whether the defense be a valid one, since, having the opportunity to make ·it, she declined to do so.

The question is made whether section 5007 violates the constitution of Iowa in not stating distinctly the tax and the object to which it is to be applied, but as this is purely a local question, we are not called upon to consider it.

*Affirmed.*

The CHIEF JUSTICE, MR. JUSTICE BREWER and MR. JUSTICE PECKHAM dissented.