## HART v. FLETCHER LAND CO.

(Circuit Court, D. Rhode Island. December 21, 1909.)

### No. 2,896.

CARRIERS (§ 293*)—SAFETY APPLIANCES—ELEVATORS—STATUTES—NOTICE.

Court and Practice Act R. I. 1905, § 1121, requires passenger elevators to be fitted with a device to prevent the car from being started until the doors opening into the shaft are closed, and requires the inspectors to notify the lessee and owner of the building in which any elevator shall be used or operated, contrary to the requirements of the act, of such violation. It requires the lessee and owner, within 30 days after receipt of the notice, to comply with the provisions of the section. The section also requires the owner or owners of any such buildings, if leased to another, to comply with the provisions of the act, and provides that in all cases in which any person shall suffer injury in consequence of the failure of the lessee or owner to comply, or in consequence of the failure of the lessee or owner to comply with the written notice of the factory inspector, they shall be jointly liable for the damages sustained. The act also provides for a fine of not less than $5 nor more than $10 for each day the elevator is operated contrary to the act. Held that, where a person is injured by the operation of an elevator by a tenant in violation of the act, the tenant is liable without notice by the factory inspector, while such notice is a condition precedent to the liability of the owner out of possession.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1188; Dec. Dig. § 293.*]

At Law. Action by Ferdinand A. Hart against the Fletcher Land Company. Demurrer to the second plea to the fourth count of the declaration overruled, and demurrer to the third plea sustained.

Choat, Hall & Stewart and Frank T. Easton, for plaintiff.
Cyrus M. Van Slyck, for defendant.

BROWN, District Judge. The fourth count of the declaration charges negligence in the violation of the provisions of section 1121 of the Court and Practice Act of 1905, passed by the General Assembly of the state of Rhode Island at its January session, A. D. 1905, in amendment of section 16 of chapter 108 of the General Laws of Rhode Island of 1896. The special provision of section 16 is as follows:

"Every passenger elevator shall be fitted with some suitable device to prevent the elevator car from being started until the door or doors opening into the elevator shaft are closed," etc.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By other provisions of section 1121 it is made the duty of inspectors to inspect all elevators in every building within their jurisdiction, and—

"to notify the lessee and owner or some one of the owners of every building in which an elevator shall be used or operated contrary to the provisions of this and the preceding section, of such violation and require the lessee and owner or some one of the owners of said building, within thirty days after the receipt of such notice, to comply with the provisions of said sections, and it shall be the duty of said lessee and owner or owners to comply with such requirement."

The section further provides that:

"The owner or owners of any building or premises under lease, and their servants and agents, may enter upon such leased building or premises for the public welfare, with the purpose of making said building comply with the provisions of this and the preceding section, and may remain thereon during such time as may reasonably be required for the performance of such work as may be necessary to effect said purpose, interfering with the lessee no more than may be necessary."

Section 1121 also provides:

"In all cases in which any person shall suffer injury * * * in consequence of the failure of the lessee or owner or owners of any building to comply with the provisions of this and the preceding section, or in consequence of the failure of said lessee or owner or owners to comply with the written notice and requirement of any inspector of buildings or factory inspector, when made in conformity to the provisions of this and the preceding section, such lessee and owner or owners shall be jointly and severally liable to any person so injured in an action of trespass on the case for damages for such injury."

The section also provides for a fine of not less than $5 nor more than $10—

"for each day that an elevator shall be used or operated in said building contrary to the provisions of this and the preceding section."

The question of chief importance raised by the demurrers to the pleas is whether the receipt of a "written notice and requirement" of an inspector is a condition precedent to civil liability under the statute.

The construction of the statute is not free from difficulty. As the defendant's counsel suggests, it was the evident intention of the Legislature to prevent the operation of an elevator without such a safety device. The device is intended for use only in connection with the operation of an elevator; the penalties are for the use and operation of an elevator contrary to the provisions of the act.

Ordinarily a duty imposed to protect persons in the use of the elevator would rest upon the person using and operating the elevator. A liability for injuries resulting from the unlawful use would fall upon the person in actual control and possession. The general provision contained in the first clause of the section does not prescribe by whom the device shall be provided, but there can be little doubt that a general provision of this character will be sufficient to impose the duty upon a person in actual possession and control of the premises. Upon common-law principles the duty imposed in connection with the operation of an elevator would be applied to a person controlling its operation and use.

The argument that there can be no violation of the act until after a notice from the inspector is negatived by the terms of the act, which make it the duty of the inspector to notify the lessee and owner of a use or operation contrary to the provisions of the section. Notice is to be given "of such violation." The duty of the inspector to give notice and make requirement arises after the discovery of a previous violation of law.

It would be quite an unusual interpretation to say that where the duty to provide a safety device in connection with the operation of an elevator was clearly defined, a violator of this duty should escape civil or penal liability so long as an inspector might fail to discover the violation or fail to notify the violator. It seems to me a sounder construction to say that one who operates an elevator is bound to take notice of the general provisions of the act, and that his failure to observe such provisions renders him immediately liable both to an action by a person injured and to the fine imposed by the act.

The provisions of the act concerning a private right of action for injuries or death resulting from its violation seem to point to two sources of a duty to provide a safety device. The statute refers to an injury which shall ensue in consequence of the failure of the lessee or owner to comply with the provisions of the act, and also to an injury which is in consequence of the failure of the lessee or owners to comply with the written notice and requirement of an inspector. The defendant contends that these two provisions are mere repetition and mean the same thing. While such a construction would tend to support the defendant's argument that there is no liability in any case until after notice by an inspector, yet this construction should be avoided if the two clauses are capable of a different meaning and if such difference of meaning will enable us to avoid the hardship of holding an owner out of possession and without notice equally liable with a lessee in possession for the illegal operation of an elevator by the lessee. It is so contrary to the ordinary rules of law that an owner who is out of possession should be held responsible, without notice, for a violation of law by a lessee in possession, that it seems a more reasonable construction of the act to hold that as to him notice is a condition precedent to liability.

The defendant urges that the Legislature—

"did not intend to make one person liable for the failure or neglect of another, and that so construed the law would be one authorizing the confiscation of the landlord's property without compensation."

While there are statutes which impose liens upon real estate for violations of law by a lessee, they are exceptional in character, and it is perhaps doubtful if the landowner can ordinarily be held responsible without actual notice or the existence of special circumstances charging him with notice. Hodge v. Muscatine County, Iowa, 196 U. S. 277, 25 Sup. Ct. 237, 49 L. Ed. 477; Marvin v. Trout, 199 U. S. 212, 26 Sup. Ct. 31, 50 L. Ed. 157.

It is unnecessary to consider, however, whether notice to a landlord out of possession is always essential to his liability for the illegal act of the lessee. It is enough to say that upon the statute before us it is

evident that the Legislature had especially in mind a liability arising in consequence of a failure to observe the notice and requirement of the inspector, as distinguished from a failure to observe the duty directly arising from the statute.

An examination of section 8 of chapter 108, which relates to injuries resulting from a failure to provide fire escapes or stairways, shows that the present and later provision was copied from the earlier section 8. Under the provisions concerning fire escapes the law itself designated certain buildings which should be provided with fire escapes, but it also provided that other buildings not enumerated might receive protection under special circumstances. The duty to provide such buildings with fire escapes arose only after the notice and requirement of an inspector. See Gen. Laws R. I., c. 108, §§ 1, 4. In section 8, as in the present act, there were two "in consequences" which relate to distinct grounds of liability: First, the general requirement under the terms of the statute; second, the special requirement by the inspector. This was clearly the intention in the section which served as the model for the present section, and it seems to me was the intention of the Legislature in following that model. This construction gives effect to the two "in consequences" as distinct provisions, and leads to the conclusion that without notice the landlord out of possession is not liable for the illegal act of the tenant. Upon a consideration of the whole statute, and conceding that its construction is not free from difficulties arising in part from the fact that in framing it the terms of a different statute on a different subject were followed, I am of the opinion that under the general provisions of the act the duty to provide a safety appliance for an elevator rests upon that person, whether landowner in possession or lessee in possession, who has control of and who operates an elevator; that under this general provision no duty is cast upon a landowner out of possession or control; that after the law has been violated by a person in possession, whether owner or lessee, the notice and requirement to him by an inspector do not create a new duty, but simply reiterate the demand of the statute for compliance with the old duty.

There is possibly a difficulty in the fact that the requirement seems to give 30 days thereafter to comply with the law; but there seems no reason for holding that a notice to one that he is already violating the law should afford such person a license to continue to violate it with impunity for 30 days thereafter.

No such difficulty arises as to a landlord out of possession. It is not his duty, nor has he the legal right, to enter the premises for the purpose of performing such duties as are imposed upon the inspectors. When the inspector discovers a violation of law, his notice of such violation is the first step in imposing the duty upon a landowner out of possession, and it is reasonable that he should have 30 days for the performance of a duty so imposed upon him before he should be held responsible for the act of a tenant in possession. The person in possession and use of the elevator is liable under the general terms of the statute whether he has received notice or not; the giving of notice to him not relieving him of the obligation imposed by the general terms

of the statute. It is a matter of indifference whether he is owner or lessee, provided he is in use and occupation of the premises. An owner out of possession, who would not be liable on common-law principles, is made liable by statute after a notice and requirement from a public inspector, and solely by his failure to take action to prevent the illegal use of an elevator upon his premises after he has had a reasonable notice and an opportunity either to compel his lessee to comply with the law or to provide the proper equipment himself.

Demurrer to second plea to fourth count of declaration overruled. Demurrer to third plea to fourth count sustained.