C. C. TAFT COMPANY et al., Appellants, v. F. J. ALBER, County Auditor, Appellee.

TAXATION: Constitution—Requirements as to Laws—Purpose and Need of Revenue. Under Article 7, Section 7, Constitution of Iowa, the purpose for which revenue is needed must be set out in the act which authorizes the tax out of which the revenue

comes; and the legislature is required to declare the need of revenue and the purposes for which it is needed; and the tax must be levied and exacted to meet the needs so found to exist.

CONSTITUTIONAL LAW: Mandatory Purposes—Legislature Must
2  Obey.  The provisions of the Iowa Constitution are mandatory and binding upon the state legislature, which is but one of the agencies of the government.

TAXATION: Statutes—Constitutionality—Cigarette Law—Penalty
3  Not for Revenue.  The provisions of Section 5007, Code, 1897, providing for the assessment of a tax of $300 against persons selling cigarettes, and places where cigarettes are sold, are not for the purpose of securing revenue, but to aid in the enforcement of the inhibitions of Section 5006, Code, 1897, against such illegal traffic, and therefore do not violate Article 7, Section 7, of the Constitution of Iowa.

*Appeal from Polk District Court.*—CHARLES HUTCHINSON, Judge.

APRIL 11, 1919.

ACTION to enjoin the enforcement of the penalty provided for in Section 5007 of the Code.  The district court dismissed plaintiffs' petition.  Plaintiffs appeal.—*Affirmed.*

*Dunshee, Haines & Brody* and *Charles F. Maxwell,* for appellants.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Arthur T. Wallace,* Acting County Attorney, for appellee.

GAYNOR, J.—This action is to restrain, by injunction, the auditor of Polk County from certifying to the treasurer of the same county the names of these plaintiffs and others as the owners of real estate in the city of Des Moines on which illegal traffic in cigarettes is carried on.  Plaintiffs' petition was dismissed, and plaintiffs appeal.

The complaint is that, if these names are certified by the auditor to the treasurer, a tax will be assessed against

these plaintiffs and their property, under the provisions of Section 5007 of the Code of 1897, which reads:

"There shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation, and upon the real property, and the owner thereof, within or whereon any cigarettes, cigarette paper or cigarette wrapper, or any paper made or prepared for use in making cigarettes or for the purpose of being filled with tobacco for smoking, are sold or given away, or kept with intent to be sold, bartered or given away, under any pretext whatever. Such tax shall be in addition to all other taxes and penalties, shall be assessed, collected and distributed in the same manner as the mulct liquor tax, and shall be a perpetual lien upon all property both personal and real used in connection with the business; and the payment of such tax shall not be a bar to prosecution under any law prohibiting the manufacturing of cigarettes or cigarette paper, or selling, bartering or giving away the same. But the provisions of this section shall not apply to the sales by jobbers and wholesalers in doing an interstate business with customers outside the state."

The contention of the plaintiffs is that this law is absolutely void, as made in contravention of Section 7 of Article VII of the Constitution of this state, which reads as follows:

"Every law which imposes, continues, or revives a tax, *shall distinctly state the tax,* and *the object to which it is to be applied;* and *it shall not be sufficient to refer to any other law* to fix such tax or object."

It is claimed that the statute is an attempted exercise of the taxing power, and an attempt to impose a tax upon property and person for revenue; that it fails to state the object to which the tax is to be applied, and is in contravention of the Constitution, in so far as it refers to another law for the purpose of fixing the tax and its object. It will be

noted that the statute against which the complaint is lodged provides that the tax shall be in addition to all other taxes and penalties, and shall be assessed, collected, and distributed in the same manner as the mulct liquor tax, and shall be a lien, etc. A tax, in the broad sense, is

1. TAXATION: Constitution: requirements as to laws: purpose and need of revenue.

for the purpose of raising revenue, and the revenue, when raised, is intended to meet the specific demands of the government. The government assumes, or may assume, certain financial obligations which it is bound to discharge. These obligations must rise out of governmental necessity. Each governmental demand for revenue is capable of ascertainment before the revenue is created to meet it. It is through the taxing power that revenue is produced. The revenue so produced is to be held by proper government officers to meet the obligations of the state; to be distributed and applied to authorized purposes. When taxes are authorized and revenue contemplated through that means, the need of and purposes to which the revenue is to be applied must be ascertained and determined. There must be a need of revenue for governmental purposes, and these purposes must be stated in the act which authorizes the tax out of which the revenue comes. The object of this constitutional provision is to safeguard the exaction of revenue,—the imposition of taxes. To this end, the requirement is made that the legislature determine, in the first place, the need of revenue, and second, the purpose or purposes for which it is needed; and the tax must be levied and exacted to meet the needs so found to exist. Otherwise, without the need of revenue, without any specific purpose in mind to which revenue can be applied, the legislature could authorize the levy of a tax and force its collection, secure the revenue, and hold it for no definite purpose. It is not conceivable that a body of men representing the people can intelligently determine the need of revenue until they have ascertained wherein the need lies

to which the revenue is to be applied. To impose a tax for no specific purpose is to provide revenue for no specific purpose. A government cannot be economically administered where its legislative officers do not anticipate and know the need of revenue and the purposes to which it is applied, before they enter upon the field of levying taxes to meet the need or satisfy the purpose. Of course, there are expenses incident to government which are general in their nature. They always exist, though the amount of the need cannot be definitely determined. Yet these general needs can be approximately determined, though the amount cannot be definitely known. So the levy of taxes for general purposes is sufficiently definite in scope and purpose to limit the revenue collected by means of the tax to a specific and definite purpose.

The people are sovereign, and speak through their Constitution, and when they thus speak, its mandates are binding upon all people, and on the legislature, which is but one of the agencies of government. The government is a fictitious entity, created by the people; a corporate entity, through which the people act. All departments of government and officers are only the instrumentalities through which the government acts. They are, in one sense, the agencies through which the government acts, and all the power and authority to act and the manner of acting are controlled by the fundamental law found in the Constitution. We start, then, with the proposition that the provisions of our Constitution are mandatory, and that their mandates bind as closely and as firmly the legislative branch of the government as they do the citizen of the commonwealth. The legislative branch must obey the Constitution, or fundamental law, and must follow and obey its requirements and directions. It is true, some courts have held that constitutional provisions are not mandatory. This court,

2. CONSTITUTIONAL LAW: mandatory purposes: legislature must obey.

however, has held consistently that the provisions of the Constitution are mandatory and binding upon the legislature, and that any act that contravenes the provisions of the Constitution, or fails to come up to the measurement of the constitutional requirements, is not binding upon the people or any of the agencies of government; because, when the people speak, it is *vox populi, vox dei,* so far as the agencies of government are concerned. See *Koehler & Lange v. Hill,* 60 Iowa 543; *State v. Lynch,* 169 Iowa 148.

So it follows that, if this statute were enacted under the general taxing power, and for the purpose of raising revenue for the support of the government, we would be compelled to hold with the appellant, and say that it does not come up to the requirements of the provision of the Constitution hereinbefore quoted. This, however, we cannot do. No doubt, the legislature, recogniz-

3. TAXATION: statutes: constitutionality: cigarette law: penalty not for revenue.

ing, or thinking that it recognized, an evil in the traffic in cigarettes, felt that the public good demanded that the restraining hand of the law be placed upon the traffic. Thereupon, the legislature, in its seeming wisdom, enacted Section 5006 of the Code of 1897, through which it undertook to prohibit this sort of traffic, and provided a penalty for any violation of its inhibition. The thought of the legislature evidently was that the traffic in cigarettes was inimical to the public good, and ought to be suppressed. The traffic was made unlawful. This unlawful traffic was carried on in buildings not owned by the person carrying on the illegal traffic. The thought of the legislature seems, then, to have been that, as an additional deterrent to the unlawful business, a penalty ought to be exacted of any person who allowed his building to be used for the unlawful purpose; and so a penalty of $300 was imposed upon the person so permitting it to be unlawfully used, and upon the property permitted to be used. This was in no sense a

tax for revenue, though it may afford revenue. Its primary purpose was, not to secure revenue, but to aid in the enforcement of the inhibition found in Section 5006.

We think this action is controlled by what was said by this court in *Hodge v. Muscatine County,* 121 Iowa 482, and *Cook v. Marshall County,* 119 Iowa 384; though in neither of these cases was the precise point urged here, presented or considered. However, the reasoning of those cases and the basic principle upon which they were decided control in this case. Both these cases went to the Supreme Court of the United States, and were affirmed. See *Hodge v. Muscatine County,* 196 U. S. 276 (49 L. Ed. 477); *Cook v. Marshall County,* 196 U. S. 261 (49 L. Ed. 471). We think the action of the court in dismissing plaintiffs' petition was right, and it is—*Affirmed.*

LADD, C. J., EVANS, PRESTON, SALINGER, and STEVENS, JJ., concur.