STANDARD OIL CO., INCORPORATED IN KENTUCKY, *v.* STONE, CHAIRMAN STATE TAX COMMISSION.

(In Banc. May 12, 1941.  Suggestion of Error Overruled Dec. 8, 1941.)

[1 So. (2d) 155.  No. 34572.]

Lyell & Lyell, of Jackson, for appellant.

J. H. Sumrall, of Jackson, for appellee.

McGehee, J., delivered the opinion of the court.

The principal question for decision on this appeal involves the constitutionality of an amendment of Sec. 9 of Chap. 119, Laws of 1934, by Sec. 7 of Chap. 113, Laws of 1938, known as the "Sales Tax Law," whereby it is claimed that the appellant. is deprived of its property without due process of law in that the amendment makes

the property of the appellant as a lessor subject to a 2% retail sales tax due by its lessees; and which provides, among other things, that "where premises are equipped with permanent fixtures so that no other commodity than that sold by the owner of said premises can be sold or handled thereat; and the nature of the commodity sold is such that an amount thereof sufficient to cover the tax accrued for one month is not kept on hand at any one time; and such premises are leased or rented by the owner to persons who do not pay all taxes accrued on account of the business conducted on such premises when due; then such place of business, including the fixtures used in such business, shall be liable to seizure and sale under a warrant issued by the commissioner, when taxes accrued upon business conducted upon such premises become due and unpaid."

The suit was instituted by a declaration filed by the appellant in four counts to recover sales taxes paid under protest by the appellant on behalf of four of its lessees on retail sales of gasoline alleged to have been purchased by the lessees from the appellant and sold at filling stations, whereas the equipment and fixtures were owned by the appellant and leased to the lessee named in each count of the declaration respectively, and which taxes the lessee in each instance had failed to pay as required by law.

The quoted amendment to the statute was approved on April 4, 1938, whereas the tax sought to be recovered by the appellant on the first count of the declaration covers the period beginning January 1, 1938, and ending July 31, 1938, but it is not alleged as to what portion of the amount sought to be recovered was for sales made prior to April 4, 1938. A demurrer was sustained to this count of the declaration, and from that action of the court below the oil company appeals. In the second count of the declaration, the tax sought to be recovered was for sales made for the period subsequent to the adoption and approval of the said amendment; and this is likewise true as to the tax sought to be recovered under the

third count thereof. Whereas, under the fourth count of the declaration, a part of the tax sought to be recovered was for sales made prior to the adoption and approval of the amendment, and the remainder subsequent thereto. It was alleged, however, in the said second, third and fourth counts that the lessee always had on hand commodities which he sold on the leased premises in an amount sufficient to cover the tax accrued for any month for the period involved in the demand and in which the tax accrued. Demurrers to each of these last three counts were overruled, and the appellee has prosecuted a cross-appeal on account thereof.

It follows from the foregoing statement of the pleadings that the appellant's property would not be liable to seizure and sale for the tax on any sales made by its lessees thereof which accrued and became payable prior to April 4, 1938; and also that the demurrers to the second, third and fourth counts were properly overruled in view of an allegation therein to the effect that a sufficient amount of gasoline was kept on hand at any one time to cover the tax accrued for the month for which it was assessed, the non-existence of which fact was necessary to render the place of business, equipment and fixtures of the lessor subject to seizure and sale.

For the purposes of this decision, we shall assume that the allegations of the declaration are sufficient to show that the premises and fixtures used in connection with the sale of the gasoline, and which were threatened to be seized and sold for the payment of the tax, were in truth and in fact the property of the appellant oil company; that they were leased to the named lessees respectively; and that the gasoline sold to the said lessees and on which the sales tax was unpaid had been paid for by them when delivered by the appellant, and that the gasoline therefore belonged to the lessee at the time it was sold at retail. Also, that the property of the appellant threatened to be seized and sold for the payment of the tax sued for under the first, third and fourth counts of the declaration,

included the land as well as the fixtures used in the operation of the place of business. Nevertheless, we are not unmindful of the fact, since it is a matter of common knowledge, that the appellant, as a major oil company, selects the location where the products are to be sold by its lessees, designs the equipment and fixtures in which the products are to be handled, labels the same so as to designate the commodity offered for sale as a Standard Oil Company product, controls the business to the extent that the products in which the lessor is interested are exclusively sold by the lessees while using such equipment and fixtures, and is to that extent interested in the conduct of the business and in the volume of sales made at the premises where the leased equipment and fixtures are located; and that while the tax is on the proceeds of the sales of the product, it is levied and assessed in this instance for the privilege of conducting a business in which the lessor of the premises, equipment and fixtures is interested to the extent aforesaid.

It will be noted that the statute, in providing that "where premises are equipped with permanent fixtures so that no other commodity than that sold by the owner of said premises can be sold or handled thereat," makes no mention of filling stations as such by name. It is conceded by the appellee, however, that while the provision of the statute subjecting to seizure and sale the place of business, including the fixtures used in such business under the circumstances above mentioned may apply to premises and fixtures other than those used for the distribution of petroleum products, this amendment to the statute was directed primarily at filling stations leased to persons who had theretofore failed to pay the retail sales tax on the sales of such products, and who had no property against which the collection thereof could be enforced by seizure and sale. Wherefore, the appellant contends that the provision is discriminatory if enacted solely for that purpose. Thus there is presented the question as to whether or not the legislature had a substantial

basis for differentiation on which to constitutionally declare such a discrimination. The rule is announced in 6 R. C. L. 384 that "the question of classification is primarily for the legislature, and it can never become a judicial question except for the purpose of determining, in any given situation, whether the legislative action is clearly unreasonable. . . . When the classification in law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. The courts cannot require the legislature to specify its reasons for the classification, but they will always presume that the legislature acted on legitimate grounds of distinction, if such grounds exist." It was held in the case of Russell Inv. Corp. v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, 107, that: "One who assails the classification in a statute must carry the burden of showing that it does not rest on any reasonable basis. . . . In determining whether statutes enacted by the legislature transcend the limits imposed by the federal and state constitutions the courts should proceed with the greatest possible caution; and they should never declare a statute void unless its invalidity is in their judgment established beyond reasonable doubt. They should adopt a construction that will bring it into harmony with the constitution by restricting its application to the legitimate field of legislation, whenever necessary in order to uphold its constitutionality and carry its provisions into effect. Money v. Wood, 152 Miss. 17, 118 So. 357; Mai v. State, 152 Miss. 225, 119 So. 177; Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705; Miller v. Sherrard, 157 Miss. 124, 126 So. 903; Chassanoil v. City of Greenwood, 166 Miss. 848, 148 So. 781; Id., 291 U. S. 584, 54 S. Ct. 541, 78 L. Ed. 1004; Tucker Printing Co. v. Board of Supervisors of Attala County, 171 Miss. 608, 158 So. 336." It seems clear to us that there is a reasonable basis for the distinction made by the legislature in rendering liable and subject to seiz-

ure and sale the premises and fixtures of a lessor to satisfy the unpaid sales tax due on retail sales made in the conduct of a business when the premises are equipped with permanent fixtures so that no other commodity than that sold by the lessor of said premises can be sold and handled thereat, and in not rendering liable and subject to seizure and sale the premises and such fixtures of the average landlord, for instance, who leases his store building and fixtures to a merchant engaged in selling general commodities thereat other than those sold by the owner of said premises.

It is to be conceded that the precise question here involved has not been expressly adjudicated by this court in any previous decision, and that the case more nearly in point cited in the briefs of counsel is that of Hodge v. Muscatine County, 196 U. S. 276, 25 S. Ct. 237, 49 L. Ed. 477, where it was held that the owner of property was not denied due process of law in the taking of his property to satisfy a tax owed by another conducting a business thereon, under the Iowa Code, Section 5007, making the tax imposed thereby on the business of selling cigarettes a lien upon the property where the business is carried on, if an opportunity is afforded the owner of the property to be heard as to the validity of the tax at any time before it is made final, whether the proceedings for a review take place before a board having a quasi judicial character, or before a tribunal provided by the state for the purpose of determining such question, citing Pittsburg, C. C. & St. L. R. Company v. Backus, 154 U. S. 421, 426, 14 S. Ct. 1114, 38 L. Ed. 1031, 1036; and King v. Mullins, 171 U. S. 404, 18 S. Ct. 925, 43 L. Ed. 214. The Hodge case is also cited in the cases of Board of Directors of St. Francis Levee District v. St. Louis & San Francisco R. Company, 8 Cir., 74 F. (2d) 183; In re American Rio Grande Irrigation Company on Claim of Hidalgo & Cameron Counties, D. C., 21 F. Supp. 492; and Wynne, A. M. Lockett & Company v. State of Texas, 310 U. S. 610, 60 S. Ct. 980, 84 L. Ed. 1388; State v. Wynne, 134 Tex. 455,

133 S. W. (2d) 951; Id., Tex. Civ. App., 113 S. W. (2d) 325.

The Iowa statute involved in the Hodge case, supra, provided, among other things, that "there shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation, and upon the real property, and the owner thereof, within or whereon any cigarettes . . . are sold or given away, or kept with the intent to be sold, bartered or given away, under any pretext whatever"; and the statute further provides that the tax "shall be a perpetual lien upon all property both personal and real used in connection with the business . . ." The Mississippi Sales Tax Law, Chap. 119, Laws of 1934, as amended by the said Sec. 7 of Chap. 113, Laws of 1938, makes the place of business, including the permanent fixtures used in such business, liable to seizure and sale, under the circumstances therein stated, under a warrant issued by the commissioner, when taxes accrued upon the business conducted on the premises become due and unpaid, even though it does not expressly provide that the tax shall be a lien upon the property of the owner of such place of business and fixtures.

On the question of due process, Sec. 8 of Chap. 113, Laws of 1938, provides, among other things, that "any person improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, in any proper action or suit against the commissioner, and the circuit court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to [re]cover any tax improperly collected. It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit. In any suit to recover taxes paid or to collect taxes the court shall adjudge costs to such extent and in such manner as may be deemed equitable." It is further provided therein that "Either party to such suit shall

have the right to appeal to the Supreme Court of Mississippi as now provided by law." It is true that the statute fails to declare that the tax shall constitute a debt due and owing by the lessor. The same was true of the Iowa statute. That is to say, it did not make the taxes the debt of the owner of the property. It merely declared a lien on the property used in connection with the business; whereas under the statute now under consideration, the property of the lessor is made "liable to seizure and sale" under the conditions therein specified.

Moreover, it will be observed that the statute involved in the Hodge case, supra, impressed a lien upon the property of the owner used in a business owned and conducted by another for the sale of cigarettes, etc., without regard to whether the commodity sold was supplied by the owner of the premises under such circumstances as to make the owner interested in the volume of sales made. In that case, the owner's interest was limited to a desire to see the business succeed to such an extent that he would be able to collect his rent. Whereas, in the case at bar, the lessor oil company would have a greater interest than that of merely collecting its rent on the leased premises and fixtures, since the business conducted thereat furnished an outlet for the distribution of products sold by the lessor for profit thereon.

But it is insisted that the Chairman of the State Tax Commission is given the right under the Sales Tax Law, Chap. 113, Laws of 1938, to examine the books, records and papers of the taxpayer in the ascertainment, assessment and collection of the tax, whereas the lessor has no such right, and is required to pay the debt of the lessee without being able under the statute to protect himself against the loss occasioned by the delinquency of the taxpayer. It is sufficient to say in answer to this contention that he may reserve such a right under the lease contract, and may also require that the lessee keep on hand at any and all times during the month a sufficient amount of paid for petroleum products out of which the tax may be

collected by the commissioner and thereby avoid the necessity for a seizure and sale of the premises and fixtures of the owner. The state should not be required to lose the sale taxes due by filling station operators who do not keep a sufficient quantity of the commodity sold on hand at all times during the month to enable the commissioner to collect the tax while those engaged in other lines of business may be compelled to pay the tax due by them because of the fact that they do have commodities on hand out of which the same can be collected.

In further aid of due process, Sec. 6 of Chap. 113, Laws of 1938, provides that if no return is made by any taxpayer required to make returns, the commissioner shall give written notice by registered mail to such taxpayer to make such returns within ten days from the date of such notice and that if the taxpayer shall fail or refuse to make such returns the commissioner may make the same from the best information obtainable and that such return shall be prima facie correct for the purposes of the ascertainment, assessment and collection of the tax; and it is also provided that in the event the taxpayer, within ten days from the date of such notice, shall by petition in writing state that said return is incorrect, the commissioner shall grant a hearing on such petition and investigate that question fully before proceeding further in the premises. Therefore, in determining the constitutionality of the amendment contained in Sec. 7 of this Act, the statute should be construed as a whole so as to uphold its constitutionality if possible to do so. When this is done, it would seem that the statute would entitle the lessor of the premises and fixtures to petition for a hearing if desired upon receipt by him of a demand from the commissioner to pay the delinquent taxes due by the lessee, since he should succeed to the rights of the delinquent taxpayer in that behalf if his property is to be made subject to seizure and sale for the taxes due by the person making the sales. And, according to the declaration in this case, a notice and demand was given by the commis-

sioner to the owner of the premises for the payment of the taxes in question, and it is not alleged that any hearing before the commissioner was requested and denied prior to the payment of the tax and the institution of this suit for the recovery thereof.

Finally, it is argued that gasoline pumps and tanks are not permanent fixtures. We deem it unnecessary to indulge in any refined construction as to the meaning of those words as they appear in the statute. We think that gasoline pumps and tanks furnished by an oil company to its lessees are permanent fixtures in the sense that they are used permanently as a means of distributing the products sold by the lessor and are not such fixtures as may be used one day in the sale of such products and another day for the sale of a commodity not sold by the lessor.

It follows from the views hereinbefore expressed that the case should be affirmed both on the direct and cross-appeals, and that the same should be remanded to the court below for further proceedings in view of the unchallenged statement contained in the brief of the appellee to the effect that there has been an understanding between the parties that in the event the court should affirm the action of the court below in sustaining the demurrer to the first count of the declaration and upholding the constitutionality of the amendment in question the cause should be remanded so as to permit the appellee to plead to the last three counts thereof so as to present for trial an issue as to the facts therein alleged, the final judgment having been entered in the court below so as to expedite a decision by this court on the main question involved.

Affirmed and remanded.

**Alexander, J.,** took no part in this decision.