BURTKIN ASSOCIATES, a Colorado general partnership, Plaintiff–Appellant,

v.

John TIPTON, Executive Director, Department of Revenue, State of Colorado, Defendant–Appellee.

No. 92SA64.

Supreme Court of Colorado, En Banc.

Feb. 1, 1993.

Harry L. Arkin & Associates, Frederic H. Poor, III, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Carolyn Lievers, Asst. Atty. Gen., Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The appellant, Burtkin Associates, appeals the trial court's entry of summary judgment in favor of the Colorado Department of Revenue, which seized the appellant's property for unpaid tax obligations. The appellant asserts that the various statutory provisions that authorized the seizure of a lessor's property for unpaid taxes owed by a lessee were facially unconstitutional under both the United States and the Colorado Constitutions.[1] We disagree and affirm the judgment of the trial court.

I

In May 1990, Burtkin Associates leased a building it owned to Valsamakis Konstantatos, Dimitrios Konstantatos, and Hecaterina Konstantatos for use as a restaurant, who subleased the premises to Ainos, Inc. for use as a restaurant. Under the terms of the lease, the lessees agreed to pay miscellaneous taxes imposed as the result of conducting business on the premises. The lessees failed to pay the taxes to the Department of Revenue during 1990 and subsequently vacated the premises in December, 1990.[2]

In April 1991, the Department of Revenue seized equipment, fixtures, and miscellaneous possessions on the premises to satisfy the delinquent taxes. The appellant was the owner of the seized property. The Department of Revenue posted several notices on the premises stating that the property had been seized to satisfy a tax lien. The Department of Revenue also published a notice in the local newspapers regarding the seizure. The appellant was aware and on notice of the distraint warrants, but was not personally served.

The appellant filed a complaint challenging the constitutionality of the statutory provisions under which the Department of Revenue seized the property and sought an injunction to prevent the sale of the property. The appellant asserted that the statutory provisions in effect at the time of the seizure violated the Due Process Clauses of the Fourteenth Amendment of the United States Constitution and of article II, section 25 of the Colorado Constitution (hereinafter the Due Process Clauses) and the Taking Clauses of the Fifth Amendment of the United States Constitution and of article II, section 15 of the Colorado Constitution (hereinafter the Taking Clauses). The trial court rejected the appellant's arguments and entered summary judgment in favor of the Department of Revenue. We affirm.

II

This case presents the question of whether the statutory provisions authorizing the Department of Revenue to seize the property of a lessor, pursuant to a tax lien, to satisfy the tax delinquencies of a lessee were facially constitutional.[3] Section 39–26–117(1)(a), 16B C.R.S. (1982 & 1991 Supp.), created a lien on all property owned or used in the conduct of an employer's

---

1. The appellant claims that section 32–9–119, 13 C.R.S. (1982 & 1991 Supp.), section 39–22–604, 16B C.R.S. (1982 & 1991 Supp.), section 39–26–117, 16B C.R.S. (1982 & 1991 Supp.), and section 39–26.1–109, 16B C.R.S. (1991 Supp.), the statutory provisions that authorized seizure of the property, were facially unconstitutional.

The General Assembly has amended some of these statutory provisions since the seizure of the appellant's property. See § 39–22–604, 16B C.R.S. (1992 Supp.); § 39–26–117, 16B C.R.S.

(1992 Supp.). This case does not require us to address the constitutionality of the statutes as currently codified.

2. Ainos, Inc. and the Konstantatos failed to pay wage withholding taxes, sales taxes, RTD/CD taxes, and tourism promotion taxes.

3. In *Charnes v. Norwest Leasing, Inc.*, 787 P.2d 145, 147 n. 4 (Colo.1990), we declined to address this issue.

business for unpaid sales taxes. Section 39–26–117(1)(a) provided:

(a) The [sales] tax imposed by this part 1 shall be a first and prior lien upon the goods and business fixtures of or used by any retailer under lease, title retaining contract, or other contract arrangement, excepting stock of goods sold or for sale in the ordinary course of business, and shall take precedence on all such property over other liens or claims of whatsoever kind or nature.

However, section 39–26–117(1)(b) allowed property to be exempted from the lien on unpaid sales taxes upon compliance with the following procedure:

(b) The real or personal property of an owner who has made a bona fide lease to a retailer shall be exempt from the lien created in paragraph (a) of this subsection (1) if such property can reasonably be identified from the lease description and if the lessee is given no right to become the owner of the property leased. This exemption shall be effective from the date of the execution of the lease if the lease is recorded with the county clerk and recorder of the county where the property is located or based or a memorandum of the lease is filed with the department of revenue on such forms as may be prescribed by said department within ten days after the execution of the lease at a cost for such filing of two dollars and fifty cents per document.[4]

Similarly, section 39–22–604(7), 16B C.R.S. (1982 & 1991 Supp.), created a lien on all the property owned or used in the conduct of an employer's business for unpaid wage and withholding taxes. Section 39–22–604(7)(a) stated:

(a) Every employer who deducts and withholds any amounts under the provisions of this section shall hold the same in trust for the state of Colorado for the payment thereof to the department in the manner and at the time provided for in this section, and the state of Colorado and the department shall have a lien to secure the payment of any amounts withheld and not remitted as provided in this section upon all of the assets of the employer and all property, including stock in trade, business fixtures, and equipment, owned or used by the employer in the conduct of his business, so long as any delinquency continues, which lien shall be prior to any lien of any kind whatsoever, including existing liens for taxes.

Section 39–22–604(7)(b)–(c) also provided a means for property to be exempt from the lien on unpaid wage and withholdings taxes:

(b) The owner, conditional vendor, or mortgagee of any property, real or personal, or any stock in trade, business fixtures, or equipment owned or used by an employer subject to the lien provided by this subsection (7), may exempt such property from the lien granted in this section to the state of Colorado and the department by requiring the employer to procure a certificate from the department certifying that such employer has posted with the department security for the payment of the amounts withheld under the provisions of this section. When such certificate is procured by the employer and transmitted to the owner, conditional vendor, or mortgagee of any of the assets of the employer, such assets shall thereafter be exempt from attachment under the lien granted to the state of Colorado and the department by this subsection (7).

(c) The real or personal property of an owner who has made a bona fide lease to an employer shall be exempt from the lien created in paragraph (a) of this subsection (7) if such property can reasonably be identified from the lease description and if the lessee is given no right to become the owner of the property leased. This exemption shall be effective from the date of the execution of the lease if

---

**4.** The appellant also challenged the constitutionality of the statutory provisions providing for the RTD taxes, section 32–9–119, 13 C.R.S. (1982 & 1991 Supp.), and for tourism promotion taxes, section 39–26.1–109, 16B C.R.S. (1991 Supp.), which both cross reference article 26 of section 39. The collection, administration, and enforcement of the RTD and tourism taxes are performed in the same manner as the state sales tax.

the lease is recorded with the county clerk and recorder of the county where the property is located or based or a memorandum of the lease is filed with the department of revenue on such forms as may be prescribed by said department within ten days after the execution of the lease at a cost for such filing of two dollars and fifty cents per document.

■ The appellant does not contend that it satisfied any of the statutory procedures to obtain an exemption in this case. Instead, the appellant asserts that the foregoing statutory provisions, which were in effect at the time of the seizure of the property in 1991, were facially violative of the Due Process Clauses and the Taking Clauses. In analyzing the statutory provisions, we presume that the statutes at issue were constitutional and note that the appellant has the burden of proving that the statutory provisions were unconstitutional beyond a reasonable doubt. *See Dove v. Delgado*, 808 P.2d 1270, 1273 (Colo.1991); *People v. Fuller*, 791 P.2d 702, 705 (Colo.1990).

### III

■ The appellant first contends that the statutory provisions at issue violated the Due Process Clauses because the Department of Revenue was allowed to seize property owned by an individual or entity to satisfy the tax delinquency of another.[5] In *Hodge v. Muscatine County*, 196 U.S. 276, 25 S.Ct. 237, 49 L.Ed. 477 (1905), however, the Supreme Court rejected a similar due process challenge to an Iowa statute

that created a lien "upon all property, both personal and real, used in connection with" the sale of cigarettes on an owner's premises regardless of actual ownership of the property. *Hodge* stated:

It was within the power of the legislature to make the tax a lien upon the property whereon the business was carried. If general taxes upon real estate and specific taxes for improvements thereto, including pavements, sidewalks, sewers, the opening of streets and keeping them clean, may be made liens upon the property affected, it is difficult to see why a tax upon the business carried on upon such property may not be made a lien as well as a claim against the owner. The owner is not only chargeable with a knowledge of the law in respect thereto, but he is presumed to know the business there carried on, and to have let the property with knowledge that it might become encumbered by a tax imposed upon such business.

*Id.* at 280–81, 25 S.Ct. at 239 (citations omitted).

Other jurisdictions have also rejected due process challenges to statutes that create a lien on an owner's property that the owner has leased and allowed the lessee to use on the premises. *See, e.g., Territory of Alaska v. Craig Enter., Inc.*, 355 P.2d 397, 401–402 (Alaska 1960); *Ogden Oil Co. v. Venture Oil Corp.*, 490 So.2d 725, 728 (La. App.), *writ denied*, 494 So.2d 328 (La.1986); *Sargent v. Freeman*, 204 La. 997, 16 So.2d

---

5. Burtkin also asserts a deprivation of procedural due process because the Department of Revenue did not serve one of its general partners. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983) (holding that constructive notice by publication must be supplemented by personal service or by notice mailed to a mortgagee's last known address when the mortgagee is identified in a publicly recorded mortgage); *Greene v. Lindsey*, 456 U.S. 444, 452–53, 102 S.Ct. 1874, 1879–80, 72 L.Ed.2d 249 (1982) (suggesting that posting notice at residence would in most instances constitute a constitutionally acceptable means of service but holding that notice was inadequate where notices were "not infrequently" removed before they could be seen); *Schroeder v. New York*, 371 U.S. 208, 211, 83 S.Ct. 279, 281, 9 L.Ed.2d 255 (1962) (holding that publica-

tion in newspapers and posted notice close to property did not satisfy procedural due process notice requirement).

Burtkin's allegation that the service of process was defective comes from a single conclusory statement in his notice of appeal. Beyond this unsupported statement, the argument was not raised or briefed before this court and is not supported in the record. However, the fact that the appellant sought an injunction to prevent the sales establishes the receipt of timely notice and indicates that the appellant was apprised to the pendency of the action. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315, 84 S.Ct. 411, 413, 11 L.Ed.2d 354 (1964). From the record and the briefs before us, no procedural due process violation has been established.

737, 739 (1943); *State v. Rope,* 419 S.W.2d 890, 894–97 (Tex.Civ.App.1967).[6]

 The ability of a lessor to unconditionally exempt property from the statutory tax liens pursuant to section 39–26–117(1)(b) and section 39–22–604(7)(b)–(c) weakens, and all but forecloses, a due process claim. In *Charnes v. Norwest Leasing, Inc.,* 787 P.2d 145 (Colo.1990), we addressed section 39–26–117 and held that the purpose of the statute was to facilitate the collection of unpaid taxes by providing the state with a lien on property leased by a retailer in the amount of the unpaid taxes. *Id.* at 148–49. However, the General Assembly specifically provided that a lessor's property cannot be seized unless the lessor has failed to protect his or her interests pursuant to the statutory exemptions. We will not declare a statute facially unconstitutional based on the failure of the appellant to satisfy the statutory exemptions. In our view, the appellant has not proven that the statutory provisions violated his due process rights.

### IV

 The appellant alternatively claims that the statutory provisions violated the Taking Clauses which guarantee that private property shall not be taken for public use without just compensation. In our view, the statutory provisions instead represented a valid exercise of the sovereign power to assess and collect taxes.

The power to assess and collect taxes is separate and distinct from the power to take private property for a public use. *See Houck v. Little River Drainage Dist.,* 239 U.S. 254, 264, 36 S.Ct. 58, 61, 60 L.Ed. 266 (1915); *Cole v. City of LaGrange,* 113 U.S.

1, 8, 5 S.Ct. 416, 419, 28 L.Ed. 896 (1885); *City of Englewood v. Weist,* 184 Colo. 325, 330, 520 P.2d 120, 123 (1974); John E. Nowak et al., *Constitutional Law* ch. 13 § VII, at 480 (1983). The General Assembly may enact legislation imposing a tax lien over property to satisfy unpaid tax obligations. *Hodge,* 196 U.S. at 280, 25 S.Ct. at 239; *ITT Diversified Credit Corp. v. Couch,* 669 P.2d 1355, 1362 (Colo.1983); *People v. City and County of Denver,* 85 Colo. 61, 63–64, 273 P. 883, 884 (1928).

In our view, the tax liens did not violate the Taking Clauses, but were a valid exercise of the sovereign power to assess and collect taxes. In this case, it was not the action of the state that caused the lapse of a property right, but the failure of the appellant to utilize the statutory exemptions.

### V

We hold that the statutory provisions that authorized the Department of Revenue to seize the lessor's property that was not statutorily exempt from the tax liens were not facially unconstitutional under either the United States or the Colorado Constitutions. Accordingly, we affirm the judgment of the trial court.

---

**6.** *Territory of Alaska* rejected a due process argument by stating:

> It is one thing to take one man's property to satisfy the taxes of another, where the property owner and the taxpayer are strangers. It is quite another thing, however, to subordinate the owner's interest in the property to the state's tax lien where he has permitted the taxpayer to use the specific property in the conduct of a business which is subject to the tax. In the first case there would be a burden on the property owner entirely unrelated to any privilege or benefit that he might have

enjoyed by reason of operation of the taxpayer's business. In the second case, however, this would not be true. A man who permits his property to be used in the conduct of a business of another presumably derives some privilege or benefit from this circumstance. The liability here, then, so far as the specific property is concerned, may rest upon the enjoyment of such privilege or benefit as to make it reasonable and just to deal with this property as though it were owned by the taxpayer or as if he had an interest in it.

*Territory of Alaska,* 355 P.2d at 401–02.