**BOSELLI INVESTMENTS,
L.L.C., Petitioner,**

v.

**DIVISION OF EMPLOYMENT, and the
Industrial Claim Appeals Office of the
State of Colorado, Respondents.**

No. 98CA1536.

Colorado Court of Appeals,
Div. II.

Jan. 7, 1999.

---

The Law Firm of Kevin J. Farrell, Kevin J. Farrell, Englewood, Colorado, for Petitioner

No Appearance for Respondent Division of Employment

Gale A. Norton, Attorney General, Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, David M. Kaye, First Assistant Attorney General, Jeannette W. Kornreich, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office

Opinion by Judge VOGT.

Boselli Investments, L.L.C., (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a hearing officer's order denying employer's request for a partial transfer of unemployment tax ratings experience for its business. We affirm.

Employer purchased three restaurants on January 1, 1997. On April 14, 1997, employer and the seller jointly filed a request to transfer the ratings experience for the three restaurants from the seller to employer.

The Colorado Department of Labor Division of Employment and Training (Division) denied the request because it was not made within the statutory thirty-day time limit for filing such requests. The Division's determination was upheld by a hearing officer, and the Panel affirmed the hearing officer's decision.

I.

Employer contends that it had good cause for its untimely filing and that the Panel erred in concluding that there was no "good cause" exception to the thirty-day time limit for filing a transfer request. We do not agree.

If an employer transfers a segregable unit of its business to a second employer, the predecessor and successor employers may request that the proportionate share of the unit's unemployment tax, benefit, and payroll experience be transferred to the successor employer. Section 8–76–104(5), C.R.S.1998.

However, Colo. Sess. Laws 1985, ch. 84, § 8–76–104(5)(g), which was applicable here, provided that the transfer of experience was to be of no force and effect unless an application for such transfer, signed by both the predecessor and successor employers, was filed with the Division. That provision then stated: "Such application shall be filed within thirty days after the date of transfer" of the business unit. *Cf.* § 8–76–104(5)(g), C.R.S. 1998 (requiring filing within sixty days after notice from division is mailed to successor employer).

■ By using the word "shall" in the statute, the General Assembly intended the statutory directive to be mandatory. *See People v. District Court,* 713 P.2d 918 (Colo.1986). Further, the statute on its face contains no provision for excusing an untimely application upon a showing of good cause. The Panel did not err in declining to read such a requirement into the statute. *See Golden Aluminum Co. v. Weld County Board of County Commissioners,* 867 P.2d 190 (Colo.App.1993)(agency may not compute time period in a manner contrary to the plain language of the statute).

Notwithstanding the plain language of the statute, employer argues that the Division should have made a good cause determination in accordance with Department of Labor & Employment Regulation 12.1, 7 Code Colo. Reg. 1101–2.

The provisions of Regulation 12.1 regarding good cause apply only when a statute or regulation that establishes a time limit "specifically permits an untimely action or excuses the failure to act as required for good cause shown." *See* Department of Labor & Employment Regulation 12.1.2, 7 Code Colo. Reg. 1101–2.

As noted, former § 8–76–104(5)(g) did not permit untimely filing of requests for transfer of experience or excuse a failure to file for good cause. Thus, Regulation 12.1 was by its own terms inapplicable, and the Panel correctly concluded that the hearing officer was not required to address the issue of good cause under Regulation 12.1.

Given this determination, we do not address employer's argument that the negligence of its representative in failing to inform it of the need to file a transfer request established good cause for the untimely request under *Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo.App.1982).

■ We also do not consider employer's argument regarding the relevance of Department of Labor & Employment Regulation 7.2, 7 Code Colo. Reg. 1101–2, or its argument that the provisions of § 8–76–104(5)(b), C.R.S.1998, allowed the Division to accept the late filing on its own motion. Employer failed to raise these issues in the administrative proceedings and thus did not preserve them for our review. *See Goodwill Industries v. Industrial Claim Appeals Office,* 862 P.2d 1042 (Colo.App.1993).

## II.

Employer also contends that the Panel's interpretation and application of former § 8–76–104(5)(g) and the related regulations deprived him of his constitutional rights to due process and equal protection. Again, we disagree.

■ Statutes are presumed constitutional, and a party asserting that a statute is unconstitutional has the burden of establishing such assertion beyond a reasonable doubt. *Watso v. Colorado Department of Social Services,* 841 P.2d 299 (Colo.1992); *but cf. United Air Lines, Inc. v. City and County of Denver,* 973 P.2d 647 (Colo.App.1998)(Briggs, J., specially concurring).

■ Due process protections apply in administrative proceedings if there is a constitutionally protected property or liberty interest at stake. *Ficarra v. Department of Regulatory Agencies,* 849 P.2d 6 (Colo.1993).

■ Employer has not established that it was deprived of a constitutionally protected interest here. The right to the experience rating of the predecessor employer is not constitutionally based, but is a right afforded by statute. In enacting former § 8–76–104(5)(g), the General Assembly clearly conditioned that right upon the timely filing of a request for transfer. Imposing this condition upon the right to a predecessor employer's experience rating did not violate employer's due process rights. *See Wood v. Beatrice Foods Co.,* 813 P.2d 821 (Colo.App. 1991) (statutorily created benefits exist only

to the extent provided by the applicable statute, and legislation limiting such benefits does not deprive affected persons of a constitutionally protected property interest); *see also Burtkin Associates v. Tipton,* 845 P.2d 525 (Colo.1993) (statutes authorizing seizure of property for unpaid taxes did not violate plaintiff's due process rights where statutes gave plaintiff ability to exempt its property but plaintiff failed to do so).

 As for the equal protection contention, employer does not assert that a suspect classification or a fundamental right is involved in this case. In such circumstances, our review is limited to a determination of whether the challenged legislative scheme is rationally related to a legitimate state interest. *Colorado Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo.1985). A party challenging a statutory classification bears the burden of proving that the classification is unreasonable or, if it is reasonable, that it is unrelated to any legitimate governmental purpose. *Dempsey v. Romer,* 825 P.2d 44 (Colo.1992).

 Employer has not met that burden here. Even if, as employer contends, the Division excuses untimely action upon a showing of good cause in other situations, it is not unreasonable for it to require, pursuant to the plain language of the governing statute, that a request for partial transfer of experience rating be made within thirty days of the transfer of the business unit. The Division's legitimate interest in administrative efficiency includes avoiding situations where an employer has been assessed taxes at one rate and thereafter requests an adjustment in the rate and recalculation of amounts owing. Requiring that applications for transfer of experience be made within a fixed period of time after transfer of the business unit is rationally related to the governmental interest in administrative efficiency, and thus does not violate constitutional guarantees of equal protection.

Order affirmed.

Judge CRISWELL and Judge CASEBOLT concur.