## CLAIBORNE COUNTY *v.* MOREHEAD.*

(Division B. Feb. 14, 1927.)

[111 So. 372. No. 26228.]

1. STATUTES. *Supreme court holding that statute attempting to revive scheme of compensation of certain county officers was unconstitutional held applicable to deputy clerks (Laws 1920, chapter 122, section 33; Constitution 1890, section 103).*

Holding of supreme court that Laws 1920, chapter 122, section 33, providing that salaries of certain county officers should remain in force only until certain date, in absence of law providing for them, abolishing constitutional office, in violation in Constitution 1890, section 103, *held* applicable in case of deputy chancery clerk, since part of statute applicable to clerks' deputies is not separable from part applicable to clerks.

2. CLERKS OF COURTS. *Chancery clerk in county of fifth class may recover salary for only one deputy, law being unambiguous (Laws 1920, chapter 122, section 15).*

Laws 1920, chapter 122, section 15, fixing salaries of deputy chancery clerks and authorizing additional deputies in certain cases, *held* not ambiguous because of authorizing employment of special deputy or assistant, since such terms were used in statute as meaning same thing, hence chancery clerk, employing two deputies in county of fifth class, is entitled to recover compensation for only one.

*Corpus Juris-Cyc. References: Assistant, 5CJ, p. 1328, n. 6; Clerks of Court, 11CJ, p. 911, n. 66; p. 912, n. 1; Deputy, 18CJ, p. 785, n. 69; Statutes, 36Cyc, p. 980, n. 41.

APPEAL from circuit court of Claiborne county.
HON. E. L. BRIEN, Judge.

Action by B. H. Morehead against Claiborne county. From a judgment for plaintiff for less than amount sued for, defendant appeals, and plaintiff cross-appeals. Affirmed on both direct and cross-appeal.

*R. B. Anderson,* for appellant.

*E. S. & J. T. Drake,* for appellee.

Argued orally by *R. B. Anderson,* for appellant, and *J. T. Drake,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, B. H. Morehead, ex-chancery clerk of Claiborne county, brought this action in the circuit court of Claiborne county against appellant, Claiborne county, to recover the amount of salaries paid out of his own funds to deputies in his office, while such chancery clerk, for a period of twenty-one months, being the last nine months of 1922 and all of 1923. The amount sued for was one thousand eight hundred fifty-five dollars. There was a judgment in favor of appellee for one thousand two hundred sixty dollars. From that judgment, appellant prosecuted a direct appeal and appellee a cross-appeal. A jury was waived by the parties, and the cause tried by the circuit judge, sitting as judge and jury.

The facts of the case were agreed to by the parties and were embodied in a written agreement made a part of the record. The following constitutes the substance of the agreed facts:

Appellee was chancery clerk of Claiborne county from January 1, 1920, until January 7, 1924. From April 1, 1922, to October 1, 1922, Claiborne county was in class 4, according to the classifications prescribed by chapter 122, Laws of 1920. Thereafter, up to January 7, 1924, the county was in class 5, under the provisions of said act. During the period from April 1, 1922, to January 1, 1924, appellee had two deputies in his office, W. Y. Hughes and C. R. Wharton, both of whom were regular deputies. Hughes' salary was fixed by appellee at fifty dollars per month and was paid regularly during appellee's term of office. Wharton's salary was fixed at thirty-five dollars per month; he served throughout appellee's term. The aggregate salaries paid the two depu-

ties were therefore eighty-five dollars per month. After April 1, 1922, the salaries of both deputies were paid by appellee out of his own funds, the board of supervisors having refused to allow their salaries after April 1, 1922; and after such refusal by the board of supervisors to pay any further salaries, under chapter 122, Laws of 1920, appellee no longer made claim before the board for the allowance of the salaries of his deputies. At the May meeting, 1922, of the board, the supreme court in the meantime having held chapter 122, Laws of 1920, to be still in effect, appellee made claim before the board for the salaries of his deputies so paid by him out of his own funds during the twenty-one months, which claim was by the board rejected. Appellee employed two deputies instead of one, because the services of the two were more valuable than the service of one. Appellee's deputies, Hughes and Wharton, were appointed by him, in writing, prior to April 1, 1922, and such appointments were confirmed by the chancellor of the chancery court district in which Claiborne county is situated. In addition to the salaries of his regular deputies, appellee paid out the sum of seventy dollars to extra deputies for special work. The court rendered a judgment in favor of appellee for one thousand two hundred sixty dollars made up as follows: Salary of one deputy for twenty-one months prior to January 1, 1924, at fifty dollars per month, and the other for six months prior to the time Claiborne county went into class 5, at thirty-five dollars per month.

It was held in *Moore* v. *Tunica County,* 143 Miss. 829, 107 So. 659, that chapter 160, Laws of 1922, in attempting to revise and restore as to certain county officers the scheme of compensating by fees in effect prior to laws of 1916, chapter 102, and Laws of 1920, chapter 122, which cannot be clearly understood without reference to Code of 1906, section 2163 (Hemingway's Code, section 1844), was violative of section 61 of the Constitution of 1890, inhibiting the reviving or amending of a law by reference

to its title only, and requiring the law, as amended or revived, to be inserted at length. It was also held in that case that section 33, chapter 122, Laws of 1920, providing that the salaries of officers fixed by the act (constitutional county officers) shall remain in force only until a certain date, in the absence of a valid law providing for them, in effect, abolished a constitutional office by abolishing compensation therefor and violated section 103 of the Constitution of 1890, requiring that the legislature shall provide compensation for all officers. Appellant contends that the office of deputy chancery clerk is not a constitutional office, and therefore the principles declared in the Moore case have no application. We do not think that position well taken. It is hardly conceivable that the legislature would have made the statute applicable alone to the deputies of constitutional officers. The statute embodies one consistent scheme of legislation. That part of the statute applicable to the clerks' deputies is not separable from the part applicable to the clerks. We think, therefore, that when the court struck down section 33 of the act in the Moore case, so far as it applies to clerks, as unconstitutional, it also went down so far as their deputies were concerned.

Section 15, chapter 122, Laws of 1920, fixing the salaries of deputy chancery clerks, so far as it affects Claiborne county, provides, in substance, that chancery clerks in counties of the fourth class shall be entitled to two deputies, and in counties of the fifth class, one deputy, the maximum compensation of such deputies to be, one to receive not exceeding one thousand five hundred dollars per annum and the other not exceeding one thousand two hundred dollars per annum, said salaries to be determined by the chancery clerks. The section provides further that the board of supervisors may, on the recommendation of the chancery clerk, allow additional deputies during court terms, and for one week after adjournment of court, which special deputies are to receive as

their compensation not in excess of five dollars per day, payable out of the county treasury by the board "on a copy of said appointment certified by the chancery clerk and filed with the board for allowance as other bills." Section 16 of the Act confers power on the board of supervisors, on the chancery clerk's recommendation in writing, to authorize the chancery clerk to employ such special deputies or assistants as may seem necessary to transact the business of the court or board, to "copy assessment rolls or to do any other work required by law to be done within a specified time," the compensation to such deputies being fixed at five dollars per day.

From April 1, 1922, to October 1, 1922, Claiborne county was in the fourth class. The trial court allowed the salaries of both deputies for that period. From October 1, 1922, to January 1, 1924, Claiborne county was in the fifth class. The trial court held that during that period the appellee was entitled to only one deputy, and the court held, further, that the appellee was not entitled to reimbursement for the seventy dollars paid out of his own funds for special deputies, because such special deputies were appointed without compliance with either section 15 or section 16 of the statute. We are of the opinion that the trial court reached the right conclusion. We see no such ambiguity in the statute as to make it doubtful whether a chancery clerk in a county in class 5 is entitled to one or two deputies. The phrase, "deputy or assistant," does not mean that the chancery clerk may employ a deputy, and also another person as an assistant. "Deputy," and "assistant" was used in the statute as meaning the same thing.

*Affirmed on direct and cross-appeal.*