SMITH v. CHICKASAW COUNTY.

(Division B. Dec. 9, 1929. Suggestion of Error Overruled January 20, 1930.)

[125 So. 96. No. 28182.]

172

(Division B. Jan. 20, 1930.)

**George Bean, Jr.,** of Okolona, and **Leftwich & Tubb,** of Aberdeen, for appellant.

H. B. Abernethy and **Haman & McCraine**, of Houston, for appellee.

Argued orally by **C. L. Tubb**, for appellant, and by **Thos. L. Haman**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action against the appellee, Chickasaw county, in the circuit court of that county, to recover the sum of nine hundred ninety-four dollars and twenty-five cents. By agreement of the parties the cause was tried before the court, sitting as both judge and jury, and resulted in a judgment in favor of the appellant in the sum of three hundred forty-four dollars and seventy-five cents, from which judgment he prosecutes this appeal.

Appellant is now circuit clerk of Chickasaw county, and has been since January 7, 1924. The suit is for salary which appellant claims is due him by the county for his services as circuit clerk for the period beginning January 7, 1924, to April 12, 1924; and for salary due him for the services of his deputy, King, for the same period. Chickasaw county is divided into two judicial districts, and the deputy, King, was in charge of the circuit clerk's office at Okolona.

The action was brought under the provisions of chapter 122 of the Laws of 1920. The material facts of the case were undisputed. Appellant conducted the office of circuit clerk during the year 1924 on the theory that chapter 160 of the Laws of 1922, abolishing the salary system provided for in chapter 122 of the Laws of 1920, was valid. Moore v. Tunica County, 143 Miss. 839, 108 So. 900, in which case the court held that chapter 160 of the Laws of 1922 was unconstitutional, had not been de-

cided. The result of that decision was to leave the salary statute, chapter 122 of the Laws of 1920, in force.

Appellant made a contract with his deputy, King, who had charge of the office in the Okolona district, by which the latter was to receive, as compensation for his services, all the fees that office brought in, except one-half of the marriage license fees, and one-half of the lost costs.

The amount of salary to which appellant was entitled for his services as circuit clerk turns upon the construction of certain provisions of chapter 122 of the Laws of 1920, which will now be considered.

Section 2 of the act provided that the counties of the state should be divided into five classes, numbered from one to five; that such classification of the counties should be according to the assessed valuation of all property of each county, consisting of real, personal, and public service corporations—class No. 1 to be composed of all counties in which the assessed valuation is thirteen million dollars; No. 2, of all counties in which the assessed valuation exceeds ten million dollars and is less than thirteen million dollars; No. 3, of all counties in which the assessed valuation equals seven million dollars, and is less than ten million dollars; No. 4, of all counties in which the assessed valuation exceeds five million dollars, and is less than seven million dollars; and, No. 5, all counties in which the assessed valuation is less than five million dollars. Section 5 of the act is as follows:

Class number one ................$3,500.00 per annum
Class number two ................ 3,250.00 per annum
Class number three .............. 2,750.00 per annum
Class number four ............... 2,000.00 per annum
Class number five ................ 2,000.00 per annum

Section 20 of the act provides, among other things, that in counties with two judicial districts, circuit clerks shall receive two hundred fifty dollars more than circuit clerks in other counties in the same class.

Section 26 of the act provides as follows: "Wherever the assessed valuation of any county shall have so in-

creased as to raise it to any class above, the officers of such county shall from the time the assessment is fixed, receive the salary of such class to which it has advanced.''

It will be observed that the latter section provides for an increase in salary where a county advanced from a lower to a higher class. There is no provision in the statute, however, providing for a decrease in salary where a county dropped from a higher to a lower class. When chapter 122 of the Laws of 1920 went into effect, the assessed valuation of property in Chickasaw county was over seven million dollars, and less than ten million dollars; the county being at that time, therefore, in class No. 3. In 1921 the assessed value of the property of the county was less than seven million dollars, and over five million dollars; the county, therefore, had dropped into class 4; and this assessed valuation continued during the year 1924.

We will leave out of view, for the present, the salary claimed by appellant for his deputy, King, and consider the salary claimed by him for his own official services.

Appellant takes the position that when chapter 122·of the Laws of 1920 became effective, the salaries of the circuit·clerks of the various classes of counties, as provided in the act, became fixed as the minimum salaries to be received by them, notwithstanding some counties afterwards dropped from a higher to a lower class. Appellant lays emphasis on the language used in sections 2 and 5 of the act. In section 2 of the act this language is used in referring to the salaries therein provided for: ''And are hereby fixed as follows.'' Section 5 of the act provides: ''The salary of the circuit clerk is hereby fixed in the various classes as follows.''

Appellant argues that, if the legislature had intended that the salaries of the circuit clerks should decrease when their counties dropped from a higher to a lower class, the act would have so provided, since it makes provision in section 25 for an increase in their salaries when the counties go up from a lower to a higher class.

There is a good deal of force in that argument. In construing a statute, however, not only the language, but the purpose and policy, which the legislature had in view, must be considered. The court, in construing a statute, will give effect to such purpose and policy, though the interpretation may go beyond, or come within, the mere letter of the statute. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B 392; Canal Bank v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127; Hammer v. Yazoo Delta Lbr. Co., 100 Miss. 349, 56 So. 466.

One of the outstanding purposes of chapter 122 of the Laws of 1920 was to base the salaries of certain county officials named in the statute, including circuit clerks, on the assessed values of their counties for the purpose of taxation. If appellant's contention be sound, the whole scheme of the statute in that respect might be defeated. For illustration, suppose this condition existed when the statute went into effect: That there were ten counties of the state in class 1, the salaries of the chancery clerks of such counties being fixed by the act at three thousand five hundred dollars per annum; and ten counties in class 5, in which the salaries of the circuit clerks are fixed at two thousand dollars per annum. That during the years since the act went into effect the ten counties in class 1 have dropped in value to class 5, while the ten counties in class 5 have remained in that class. The result would be that the circuit clerks of the ten counties which had dropped from class 1 to class 5 would be receiving three thousand five hundred dollars per annum. while the circuit clerks in the counties in class 5, which had remained in that class, would be getting only two thousand dollars per annum, although the assessed value in each case might be the same. Furthermore, in construing a statute, such construction must be placed upon it, if it can be reasonably done, as will preserve its constitutionality. Section 91 of the Constitution provides that the legislature shall not enact any law for one or more

counties not applicable to all the counties of the state, increasing the uniform charge for the registration of deeds, or regulating costs, charges, and fees of officers. We would not be understood as holding that, if the statute were construed as appellant contends it should be, it would violate that provision of the Constitution. It is not necessary to decide that question, which, however, is sufficiently grave to be influential with the court in ascertaining the purpose and meaning of the statute. In construing a statute the court will avoid, if it can be reasonably done, such a construction as might render the statute unconstitutional.

We are of opinion that, taking the statute under consideration as a whole, viewing its language and policy all together, the legislature intended that the salaries of the circuit clerks should decrease as well as increase, according to the changing classes of the county, whether up or down. As we view it, this question was necessarily decided against appellant's contention in Claiborne County v. Morehead, 145 Miss. 867, 111 So. 372. The question was not discussed in the opinion in that case, it is true. Appellant contends that the agreed facts in the case obviated the necessity for the court to decide this point; we do not think so. It is true that it was agreed by the parties that Claiborne county had dropped from class 4 to class 5; but there was no agreement in the case as to the legal consequences of such a change; and that was the very question which the court decided.

The trial court held that in the present case appellant was entitled to recover nothing as salary for his deputy, King, for the reason that King had received the full compensation for his services fixed by appellant when the former went into office. As above shown, King was to receive part of the fees of the office at Okolona as his compensation—that was the contract between appellant and King. It was a binding contract between them, and appellant was entitled to no more from the county for King's services than he had already paid the latter. Un-

der the statute, appellant was authorized to fix King's salary at an amount not to exceed a certain maximum; he did that. It is true that it was done in ignorance of the law, but we are unable to see why appellant should be allowed to take advantage of that fact.

We are of the opinion that the other question argued by appellant is not sufficiently grave to call for a discussion by the court. As we understand the record, the trial court committed no error in charging certain credits against his salary for the period sued for.

Affirmed.

## On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court.

Appellant earnestly argues that we have, in the opinion heretofore rendered in this case (125 So. 96), disregarded the maxim of construction, expressio unius est exclusio alterius, in respect to section 26 of chapter 122, Laws 1920, which section is quoted in full in that opinion.

In order for appellant to successfully invoke that maxim as applicable to this chapter of said laws, it is necessary for appellant to give an enlarged interpretation to said section 26. The opening sections of the chapter fixed annual salaries for the officers, and based these salaries on the assessments for the several respective years. If section 26 had been omitted, then, when the assessment for a given year, approved late in that year, was increased so as to take the county into a higher class, the salary for the officer would thereby not only be increased to the said higher class, but the increase would by relation be effective from the beginning of the annual period. Section 26 is therefore a cautionary section, and was inserted for the purpose of providing that the higher salary should begin, not from the first of the annual period, but only "from the time the assessment is fixed." That was the sole purpose of that section; and it there-

fore cannot be enlarged to the further and broader purpose insisted upon by appellant, and upon which enlargement of interpretation appellant bases his whole case. Overruled.