## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-CA-00523-SCT

*BILL EVANS, EDWARD MCCAIN, BARBARA FLEMING, PEACOCK TREE SURGERY, INC., AND CARL PERRY*

*v.*

*BOYLE FLYING SERVICE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/06/93 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH JR. |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLARD L. MCILWAIN, JR. |
| ATTORNEY FOR APPELLEE: | EDWIN W. TINDALL |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 9/12/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/3/96 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This case involves the interpretation of Miss. Code Ann. § 69-21-123.[1] Specifically, the case involves the timing and manner by which notice is to be given when spray-drift damage occurs due to suspected negligent application of chemicals by a cropduster. The trial court, in granting summary judgment, held that the notice requirement was intended to mean written notice, not oral notice, within sixty days. The trial judge did not rule on when the sixty-day time limitation should begin to run. Alternatively, the trial court ruled that even if it were to presume that the plaintiffs had given notice orally when alleged, the testimony supporting the date on which they gave the alleged oral notice was still so uncertain and speculative that no legitimate or reasonable inference exists to suggest that they nevertheless gave oral notice within the time limitation prescribed by §69-21-123. Therefore, the trial court granted the defendant's motion for summary judgment.

¶2. Appeal was taken by the plaintiffs who allege that the trial court's interpretation of the statute was erroneous. The Court finds that the trial court was both right and wrong. The trial court was correct in holding that all notices should be in writing and that these plaintiffs had failed to do so timely, but incorrect in apparently holding that the sixty day notice-of-claim provisions began to run on the date they negligently sprayed the chemicals. Given the facts of this particular case, the Court finds that the trial court must be affirmed, but takes this opportunity to address the unanswered questions of law now properly before the Court.

## STATEMENT OF THE CASE

¶3. The procedural history of this case began on or about October 2, 1991, with the filing of the complaint for damages to the plaintiffs' trees because of alleged spray-drift from the aerial application of chemicals to a neighboring farmer's crop fields. The defendant answered the complaint on September 1, 1992, denying any liability, and subsequently filed a motion for summary judgment on September 2, 1992. The plaintiffs responded to the summary judgment motion on September 23, 1992. However, after reviewing all of the evidence presented to the trial court, the Honorable Elzy Smith granted the defendant's motion for summary judgment finding that there were no genuine issues of material fact, and particularly because the plaintiffs had failed to comply with the notice requirements of Miss. Code Ann. § 69-21-123.

¶4. Aggrieved by the lower court's ruling, appellants perfected their appeal requesting review of the following issues.

> **I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE REQUIREMENT ENCOMPASSED WITHIN SECTION 69-21-123 OF THE MISSISSIPPI CODE REQUIRES WRITTEN NOTICE.**
>
> **II. WAS MR. MOORE'S TESTIMONY SO UNCERTAIN AND SPECULATIVE AS TO JUSTIFY TAKING THE CASE AWAY FROM THE JURY AND GRANTING SUMMARY JUDGMENT ON THE BASIS THAT HIS TESTIMONY WOULD BE SPECULATIVE AND UNCERTAIN.[2]**
>
> **III. DOES THE LANGUAGE IN SECTION 69-21-123 WHICH STATES THAT "NOTICE TO THE LANDOWNER MUST BE GIVEN WITHIN SIXTY (60) DAYS AFTER THE DATE THE DAMAGE OCCURRED" REFER TO FROM THE DATE OF SPRAYING OR FROM THE DATE THE DAMAGE CONTINUES TO OCCUR.**

## STATEMENT OF THE FACTS

¶5. The facts of this case began on or about April 12 and 13, 1990, when the defendant, Boyle Flying Service, sprayed a chemical known as "Gromoxone" (paraquat) near the plaintiffs' property. As a result of having been exposed to Gromoxone, the plaintiffs' trees became diseased. The primary dispute and defense revolve around when does the time for the statutory notice requirement of Miss. Code Ann. § 69-21-123 begins to run.

¶6. The plaintiffs maintained that they did not notice the damage from the Gromoxone until late May and early June. Therefore, plaintiff McCain contacted the County Agent for Bolivar County,

Mississippi, Joe Love. Joe Love in turn put Bobby Moore (hereinafter Moore), the State Plant Board Inspector for the area, in contact with the plaintiff. Moore alleged that he conducted an investigation into the plaintiffs' trees sometime in late June of 1990, and concluded that Mr. Peacock's, McCain's and Evans' trees had been exposed to Gromoxone. Moore ultimately determined that the source of the chemical drift was at least one of the neighboring areas sprayed by Boyle Flying Service for Joe Wayne Reed.

¶7. The plaintiffs did not contact Boyle Flying Service or Joe Wayne Reed during the time frame when Moore was conducting his investigation because they thought Moore would do so during the course of his investigation. Moore stated in his deposition that he did not have any recollection of any inspection for the plaintiffs in his notes, but remembered that he physically went to inspect their trees in late June. Moore's records did not actually reflect any contact with any of the plaintiffs until Mr. Peacock was contacted and investigated on September 11, 1990. Thus, Moore was uncertain as to when he may have given the defendant notice, which the defendant completely denied having received.

¶8. Moore subsequently decided that the plaintiffs should fill out the necessary plant damage claim forms provided by the state. Moore assisted Evans, McCain, Fleming, and Peacock, who completed these forms in November and December of 1990. Specifically, Evans' and McCain's damage forms were filed on November 26, 1990. Fleming's and Peacock's damage forms were filed December 3, 1990. Therefore, it was not until November and December that written notice was given by the plaintiffs asserting their claims. Plaintiff Carl Perry never submitted any such written notice as mandated by the statute in question, and thus never properly became a plaintiff.

¶9. It was alleged by the defendant, and held by the trial judge, that the filing of the plaintiffs' forms were essentially too late. Taking issue with the trial judge's interpretation of when and what type of notice requirement can fulfill the statutory requirements, the plaintiffs appealed.

### DISCUSSION OF ISSUES [3]

**I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE REQUIREMENT ENCOMPASSED WITHIN SECTION 69-21-123 OF THE MISSISSIPPI CODE REQUIRES WRITTEN NOTICE.**

**II. WAS MR. MOORE'S TESTIMONY SO UNCERTAIN AND SPECULATIVE AS TO JUSTIFY TAKING THE CASE AWAY FROM THE JURY AND GRANTING SUMMARY JUDGMENT ON THE BASIS THAT HIS TESTIMONY WOULD BE SPECULATIVE AND UNCERTAIN.**

**III. DOES THE LANGUAGE IN SECTION 69-21-123 WHICH STATES THAT "NOTICE TO THE LANDOWNER MUST BE GIVEN WITHIN SIXTY (60) DAYS AFTER THE DATE THE DAMAGE OCCURRED" REFER TO FROM THE DATE OF SPRAYING OR FROM THE DATE THE DAMAGE CONTINUES TO OCCUR.**

¶10. The statute in question reads as follows.

**Miss. Code Ann. Section 69-21-123. Action for damages against applicator; statement to**

**Department of Agriculture and Commerce; notice of claim.**

Any person, firm, or corporation having a right of action against an applicator, person, firm, association or corporation, or any other person, may bring suit against them or either of them for any damages caused by their negligence of the aerial application regulated by the Agricultural Aviation Board, but in no event, however, shall a surety be named in or made a party to such action. No action for such damages may be brought or maintained, however, unless the person claiming the damages **shall** have filed with the Mississippi Department of Agriculture and Commerce, a **written** statement claiming that he has been damaged, on a form prescribed by the Mississippi Department of Agriculture and Commerce, **within sixty (60) days after the date that the damages occurred** and prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested in the event claim concerns a crop. Such statement shall contain, but shall not be limited thereto, the name of the person or persons who operated the aircraft, if known, the permit number of the aircraft, if known, the name of the owner or lessee of the land on which the crops are grown and for which damages are claimed, and the date on which it is alleged that the damage occurred. The Mississippi Department of Agriculture and Commerce, is required to prepare a form to be furnished to persons to be used in such cases, and such form shall contain such other requirements as the Mississippi Department of Agriculture and Commerce may deem proper. The Mississippi Department of Agriculture and Commerce, shall, upon receipt of such statement, notify the licensee and/or operator of the aircraft, and the owner or lessee of the land or other person who may be charged with the responsibility for the damages claimed, and furnish copies of such statements as may be requested. However, notwithstanding any other provisions of this article, any person claiming damages hereunder **may** give notice to the landowner or lessee of the treated crop claiming that he has been damaged **within sixty (60) days after the date that the damage occurred** and prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested in the event claim concerns a crop, which said notice shall preserve said persons, claiming damages, cause of action.

(Emphasis added) SOURCES: Codes, 1942, § 5011-13; Laws, 1966, ch. 239, § 13; 1972, ch. 369, § 12; 1980, ch. 482, § 8; reenacted, 1983, ch. 304, § 12; reenacted, 1991, ch. 391, § 12; 1991, ch. 530, § 14, eff from and after July 1, 1991.

¶11. As this is a matter of statutory construction, the defendant offers *McCullen v. State,* 63 So. 2d 856, 861 (Miss. 1953), for guidance on how we should interpret Miss. Code Ann. Section 69-21-123.

[T]here are certain well recognized rules of statutory construction which are to be considered, some of which we shall state. 'In construing statutes, not only the language but the purpose and policy which the Legislature has in view must be considered, and the Court in construing a statute will give effect to such purpose and policy, though the interpretation may go beyond the letter of the law. *Smith v. Chickasaw County*, 156 Miss. 171, 125 So. 96, 705.' *Sheffield v. Reece, Sheriff*, 201 Miss. 133, 143, 28 So.2d 745, 749. 'In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute. Unthought of results must be

avoided if possible, especially if injustice follows, and unwise purpose will not be imputed to the Legislature when a reasonable construction is possible.' *Zeigler v. Zeigler*, 174 Miss. 302, 310, 164 So. 768, 770. 'Legislative intent as an aid to statutory construction, although often elusive to the perception of unaided vision, remains nevertheless the pole star of guidance.' *Quitman County v. Turner*, 196 Miss. 746, 759, 18 So.2d 122, 124. 'The court in construing a statute must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature.' *Beard v. Stanley*, 205 Miss. 723, 732, 39 So.2d 317, 319. 'In the construction of a statute, the object is to get at its spirit and meaning,--its design and scope; and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it is against the letter and the grammatical construction of the act.' *Ott v. State ex rel. Lowery*, 78 Miss. 487, 500, 29 So. 520, 521. "In construing a statute to give effect to the intent or purpose of the legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, effect its purpose, and render it valid, even though it be somewhat indefinite." *Thornhill v. Ford*, 213 Miss. 49, 65, 56 So.2d 23, 30. 'Words or phrases may, however, be supplied by the courts and inserted in a statute, where that is necessary to obviate repugnancy and inconsistency in the statute, complete the sense thereof, and give effect to the intention of the legislature manifested therein. The rule prevails where words have been omitted from a statute through clerical error, or by accident or inadvertence. The rule is especially applicable where such application is necessary to prevent the law from becoming a nullity.' 50 Am.Jur., Statutes, Sec. 234, pp. 222-223. 'Notwithstanding the general rule against the enlargement or extension of a statute by construction, the meaning of a statute may be extended beyond the precise words used in the law, and words or phrases may be altered or supplied, where this is necessary to prevent the law from becoming a nullity.' 50 Am.Jur., Statutes, Sec. 357, p. 361.

¶12. The defendant naturally contends that applying the above principles yields the trial court's decision, and should therefore be affirmed. To give the statute any other reading would allegedly construe the statute in a manner so as to defeat its purpose, and render the notice requirement meaningless. The defendant contends that the purpose of the statute is to give an aggrieved party a right to seek recourse for having been damaged by spray-drift, but to put a short time limitation on such a right because "[m]ere passage of sufficient time before notice of a claim is given impedes, if not makes impossible, an accused flying service's tracing the true source of the chemical contamination across various sensitive vegetation to ascertain whether some other source of contamination exists which possibly exonerated the accused aerial applicator entirely."

¶13. The plaintiffs offer *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992), wherein the Court held that "the omission of language from a similar provision on a similar subject indicates that the legislature had a different intent in enacting the provisions, which it manifested by the omission of the language." In other words, the plaintiffs contend that because written notice to the Mississippi Department of Agriculture was specifically stated, and because the type of notice that may be given to the landowner or lessee was not, that oral notice and not written notice for the landowner or lessee was intended to be sufficient by the legislature. With regard to Miss. Code Ann. § 69-21-123, we find the *City of Natchez* rationale inapplicable.

¶14. With the above statute in mind, the question before the trial court and now this Court in interpreting the statute is what action is necessary to toll the sixty-day time limitation.

¶15. The pertinent portions of Miss. Code Ann. § 69-21-123 are as follows:

> No action for such damages may be brought or maintained, however, unless the person claiming the damages **shall** have filed with the Mississippi Department of Agriculture and Commerce, a **written** statement claiming that he has been damaged, on a form prescribed by the Mississippi Department of Agriculture and Commerce, **within sixty (60) days after the date that the damages occurred** and prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested in the event claim concerns a crop.
>
> . . . .
>
> However, notwithstanding any other provisions of this article, any person claiming damages hereunder **may** give notice to the landowner or lessee of the treated crop claiming that he has been damaged **within sixty (60) days after the date that the damage occurred** and prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested in the event claim concerns a crop, which said notice shall preserve said persons, claiming damages, cause of action

(Emphasis added).

¶16. As for whether or not notice must be written or oral, the Court finds that the statute intended that the notices given to either the landowner, lessee, or Mississippi Department of Agriculture and Commerce were to be written. The second sentence in the statute unequivocally states that the notice to the Mississippi Department of Agriculture and Commerce is mandatory and shall be in writing. As for what type of notice is required when giving notice to the landowner or lessee, either could arguably be applicable as the statute does not specifically state.

¶17. A possible reason for the distinction in the Court's interpretation is the following. The first notice provision regarding the Mississippi Department of Agriculture and Commerce involves the use of a form which is to be filed with a state agency. Therefore, it appears inescapable that where a form is involved, as with the Mississippi Department of Agriculture and Commerce, that this notice requirement must be in writing because the use of a form makes the need for the notice to be written inherently applicable. As for the method of notice to the landowner or lessee where a form is not involved, then possibly oral notice is sufficient. But just as possible may be the fact that because the notice to the Mississippi Department of Agriculture and Commerce is clearly supposed to be in writing, that the notice to landowners or lessees should also be in writing. However, regardless of whether the notice is or is not supposed to be in writing, the Court finds that the "heart of the matter" lies within a different question. The Court finds that all of the notice requirements *should* be in writing. The statute mandates, by the use of "shall," that notice to the Mississippi Department of Agriculture be in writing, whereas the permissive form of "may" is used for instructing on the giving of notice to persons other than the Mississippi Department of Agriculture. *See* M.C.A. § 69-21-123 (1972). Accordingly, written notice to the Mississippi Department of Agriculture *must* be in writing and notice to others *should* be in writing. ***American Sand and Gravel Company v. Tatum,*** 620 So. 2d 557, 563 (Miss. 1993) (basic tenet of statutory construction is that the use of "shall" is mandatory and "may" is disrectionary.)

¶18. As the emphasized portions of M.C.A. § 69-21-123 illustrate, the real question is at what point does the sixty-day notice-of-claim limitation period begin to run. Is it the day the chemicals are sprayed? Or, is it the day the damage from the chemical drift manifests itself such as with medical malpractice claims where the "reasonably discoverable standard" applies in analyzing limitation periods? It does not appear reasonable to subsequently bar a person's cause of action when they had no initial reason to know that time was running. In other words, should a person be prevented from recovering on a claim, i.e. an injury for which redress is guaranteed by our Constitution and statutory law, by being barred by a limitation period, in actuality a statute of repose[4] if it were so construed, when they should not have reasonably known that damage had occurred. To hold that a person can not recover when they did not or could not have been able to discover the damage within sixty days after the spraying works an injustice. On the other hand, to say that a cropduster can be held liable at any time within the next three years, the general negligence statute of limitations, places an undue burden upon the cropduster to defend as most of the evidence, either exonerating or incriminating, would have dissipated in the interim as anticipated and as by design of the chemicals.

¶19. The plaintiffs contend that the sixty-day notice-of-claim provision should not begin to run while the damage is ongoing. Thus, as there was testimony from Moore that the damage was ongoing and would continue for approximately two more years, the plaintiffs contend that they have complied with the notice provision of Miss. Code Ann. § 69-21-123. Such an interpretation does not give meaning to the statute under this Court's reading of the statute. Accordingly, the Court disagrees and rejects this interpretation.

¶20. It appears that the legislature intended to carve out this special negligence limitation period for the purpose of making sure that neither party involved in such a dispute would have an unfair advantage, which is a noble contention. However, the Court's belief is that the legislature did not intend to leave people without a remedy when they did not or could not have discovered the damage until after sixty days from the date of spraying had expired. So what is the solution?

¶21. The Court has discovered not one case in our jurisdiction that has addressed the issue before the Court in order for us to have controlling authority. Therefore, we must look to other jurisdictions for some persuasive authority.

¶22. In *Ernest v. Faler,* 697 P.2d 870 (Kansas1985), the Supreme Court of Kansas was faced with a similar, but not identical issue. In *Ernest*, the plaintiff was a neighboring property owner who claimed damage to his walnut trees as a result of alleged negligent application of a chemical pesticide by a cropduster onto neighboring crop fields. The plaintiff noticed that his trees were beginning to die within six days and gave notice to the Kansas Secretary of Agriculture, the pesticide applicator, and the adjoining landowner within sixty days of the alleged spray drift. *Ernest*, 697 P.2d at 871. However, the Kansas statute controlling the requirements for a person to make a negligence claim founded in negligent pesticide application by a cropduster, K.S.A. 2-2457, also required that the injured person give notice to the county attorney "within sixty days after the date damage was discovered." [5] *Id.* (emphasis added). The trial court granted the defendant's motion for summary judgment based upon the plaintiff's failure to file written notice with the county attorney. *Id.* On appeal the Supreme Court of Kansas reversed, holding that such a notice requirement to the county attorney was unreasonable, violating the plaintiff's right of due process and equal protection.[6] *Ernest,* 697 P.2d at 876. In so holding, the Kansas Supreme Court noted that the majority of states,

such as Colorado, Missouri, South Dakota, and Iowa, had held that failure to file a damage statement was <u>not</u> a bar to maintenance of a civil action, but that a minority, including North Dakota, Oregon, and Oklahoma had held that failure to file the notice requirement with the agriculture commissioner within the sixty-day period was a bar to a civil action for damages.[7] ***Ernest,*** 697 P.2d at 877.

¶23. In ***Dickinson Air Service, Inc. v. Kadrmas***, 397 N.W.2d 55 (N.D.1986), the Supreme Court of North Dakota confronted the notice-of-claim requirement in the aerial chemical application arena. The ***Kadrmas*** court, in affirming the trial court's dismissal of Kadrmas' claim for failure to comply with the notice-of-claim requirements, relied upon its previous decisions of ***Schroeder Aviation, Inc., v. DeFehr,*** 283 N.W. 147, 152 (N.D.1979), and ***Wills v. Schroeder Aviation, Inc.,*** 390 N.W.2d 544, 546 (N.D.1986), wherein it respectively held that compliance with the sixty-day filing period was a condition precedent to filing a civil claim arising out of the use or application of any pesticide, but that "substantial compliance" was all that was necessary to effect a claim. ***Kadrmas,*** 397 N.W. at 58. The basis of the ***Kadrmas*** decision was that Kadrmas had not filed his report with the <u>agriculture commissioner</u> until ninety days after he knew of the damage and one hundred twenty days after the chemicals were sprayed. ***Id.*** However, the ***Kadrmas*** decision is not precisely applicable because the North Dakota statute, § 28-01-40, set the sixty-day notice-of-claim provision into motion "from the occurrence of such loss or within sixty days from the date the claimant knew such loss had occurred."[8] Whereas in comparison to Mississippi's statute, we do not have such a "discovery rule" built into our statute. Instead, our statute reads as a statute of repose in that the notice-of-claim requirement is to be given sixty days "after the date that the damages occurred." Miss. Code Ann. §69-21-123. However, most state statutes on this point have some form of "discovery rule."[9]

¶24. In light of the aforementioned information, the Court finds the following. Our statute, § 69-21-123, does not contain a discovery rule for when the clock begins to tick on this notice-of-claim provision because it merely states that notice shall be given to the Mississippi Department of Agriculture within sixty days "after the date that the damages occurred." Miss. Code Ann. §69-21-123. To deny a person's claim because sixty days have elapsed since the spraying, but yet no damage has manifested itself within sixty days to give the injured person notice of a potential claim, is unreasonable and unfair. Equally as unreasonable and unfair is to permit a person to maintain a cause of action after irreplaceable evidence has dissipated as anticipated by design of the chemical. Therefore, the Court finds that the sixty-day notice requirement for persons alleging damage from a spray-drift does not begin to run until the date the claimant knew or reasonably should have known of the damage. However, unlike this case, in the event the spray-drift damage is alleged to growing crops, notice must be given within sixty days from the date the claimant knew or reasonably should have known of the damage *and* prior to the harvesting of 25% of the allegedly damaged crop, whichever occurs first. In any event, the Court finds that the notice requirements should be in writing, although some are mandatory and others discretionary. Notice to the Mississippi Department of Agriculture and Commerce clearly *must* be in writing. Notice to the applicator and landowner or lessee *should* be in writing to best protect a claimant's interest.

¶25. In this case, the Gromoxone was sprayed on April 12 or 13, 1990. The plaintiffs discovered that their trees were dying during late May and early June of 1990. Therefore, having found that notice to the department of agriculture *must* in writing in order for the plaintiffs to not be barred by the notice-of-claim provision, they should have given written notice within sixty days of late May or early June,

i.e., late July or early August. Written notices of the plaintiffs' claims were not filed until late November and early December of 1990. Accordingly, even applying the discovery rule, all of the plaintiffs are time barred. Alternatively, the Court finds that even though oral notice to the landowner and applicator in some instances may be sufficient and assuming that it was given within the requisite sixty day time frame in this case, although completely denied by the defendant, the type of notice to the Department of Agriculture still clearly *must* be in writing which was not filed until long after sixty days from when the damage was clearly known. Thus, the trial court is affirmed.

¶26. The Court having adopted the discovery rule, and the rule that all notices should be in writing, there is one remaining question. That question being, will we also adopt a "substantial compliance rule" as has been done in other states construing essentially the same question? We find that failure by an injured person to give written notice to all three persons, i.e., the Mississippi Department of Agriculture, the landowner or lessee, and the applicator, will not be considered fatally defective so long as the Mississippi Department of Agriculture is notified in writing within sixty days of application of the discovery rule. The statute states that the Mississippi Department of Agriculture "shall" be so notified. The statute states that the injured person "may" give notice to the landowner or lessee. Therefore, the Court adopts the substantial compliance rule as explained above as it follows the language in the statute and would adhere to its overall meaning. ***See Malaer v. Flying Lion, Inc.***, 670 P.2d 214, 216-217 (Or. 1983) (holding that even while applying the substantial compliance rule, "failure to report the loss to the Department of Agriculture is fatal.")

## CONCLUSION

¶27. Today the Court has before it the opportunity to address a statute which has not yet been interpreted. The nature of the type of conflict covered by the statute is the type which should continue to arise in our agricultural economy. Therefore, the Court takes this opportunity to clarify an admittedly ambiguous statute that would otherwise continue to be at issue in this state.

¶28. The trial court is affirmed in this particular case as the parties failed to meet the minimum requirement of at least giving written notice to the Mississippi Department of Agriculture within sixty days from the date that they discovered the suspected damage. In construing the statute, the Court adopts the discovery rule for application of the sixty day notice-of-claim provisions. Additionally, the Court finds that the statute requires that all notices should be in writing. Finally, the Court finds that in accordance with the language of the statute, that the substantial compliance rule likewise is adopted. Therefore, so long as a person's claim is asserted by written notice to the Mississippi Department of Agriculture within sixty days from the date that the person has knowledge or reasonably should have had knowledge of the suspected damage, they will protect their claim from being time barred. Accordingly, the sixty day notice requirement of Miss. Code Ann §69-21-123 shall not be considered a statute of repose.

**¶29. JUDGMENT IS AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**BANKS, JUSTICE, CONCURRING:**

¶30. I concur in the result reached by the majority because neither adoption of the discovery rule nor the written report requirement for the landowner clause affects that outcome. As I perceive the record, Evans clearly discovered the damage and failed to give notice either oral or written within the statutory time limits.

**McRAE, JUSTICE, DISSENTING:**

¶31. I applaud the majority for its recognition of the discovery rule under Miss Code Ann. § 69-21-123 (1991), as an individual cannot provide notice of damages when evidence of damage has not yet manifested itself, as well as its acknowledgment that statutes of repose are repugnant to our jurisprudence. I join that portion of the majority. However, I must depart from the majority in its determination that notice to the landowner alone does not constitute substantial compliance with the provisions of the statute. Miss Code Ann. § 69-21-123 expressly states:

> However, **notwithstanding any other provisions of this article**, any **person claiming damages** hereunder **may give notice to the landowner or lessee of the treated crop** claiming that he has been damaged within sixty (60) days after the date that the damage occurred and prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested in the event claim concerns a crop, **which said notice shall preserve said persons, claiming damages, cause of action**.

(emphasis added). Based on the plain language of the statute, notice to the landowner is sufficient to preserve one's cause of action for damages. Thus, how can it be said that failure to give notice to the MDAC is fatal to the plaintiff's cause of action? The majority selects a strict interpretation of the written notice requirement, but ignores the remaining portion of the statute which expressly preserves the cause of action through timely notice to the landowner alone. The statute itself implicitly indicates the reason timely notice to the landowner alone is sufficient is because notice to the MDAC merely serves the overall purpose of providing notice to the landowner. Consequently, I do not join the majority in its interpretation of substantial compliance under this statute.

¶32. The facts revealed that written notice was not given to the landowner within sixty days of discovering the damage. However, as concluded by the majority, notice to the landowner does not necessarily have to be in writing. Therefore, because the trial judge did not employ the discovery rule, and since the statute clearly indicates that notice to the landowner is sufficient, the grant of summary judgment should be reversed and this case remanded to determine whether the landowner, within sixty days of the plaintiffs' discovery of damage, received actual notice that the plaintiffs were investigating a possible claim based on the spraying of neighboring crops. If the landowner had actual notice, the cause of action is preserved. Accordingly, I dissent.

1. Miss. Code Ann. § 69-21-127 states sections 69-21-101 through 69-21-125, Mississippi Code of 1972, which create the State Board of Agricultural Aviation and prescribe its duties and powers, shall stand repealed as of December 31, 1996.

2. The plaintiffs contend that even though Moore's testimony was short of being definite, such was a jury question as it went to the weight of the evidence and not its admissibility.

3. Issues one and three will be addressed at once as they involve statutory interpretation. Issue two is moot in light of the Court's analysis of issues one and three. Alternatively, issue two is without merit as Moore's testimony would have been speculative at best.

4. A statute of limitation is distinguishable from a statute of repose in the sense that the latter "cuts off the right of action after a specified period of time measured from the delivery of a product or the completion of work. [Statutes of repose] do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right." *Universal Engineering Corp. v. Perez*, 451 So.2d 463, 465 (Fla.1984).

5. The Mississippi statute, §69-21-123, does not contain a notice requirement to the county attorney. Additionally, its language says that the sixty-day notice requirement begins to run "after the date that the damage occurred," rather than from when "the damage was discovered" as in the Kansas statute.

6. K.S.A. 2-2457 was repealed in light of *Ernest* and replaced with K.S.A. 2-2457a (1986). K.S.A. 2-2457a provides that written notice must now only be given to the Agriculture Secretary "within 60 days after the damage was discovered." However, failure to give such notice is not a complete bar to subsequently maintaining a civil action, although a rebuttable presumption is created in favor of the aerial applicator.

7. For majority views holding that "substantial compliance with the notice-of-claim provision" is sufficient see *Bella v. Aurora Air, Inc.,* 566 P.2d 489 (Or. 1977); *Cross v Harris*, 370 P.2d 703 (Or. 1962); *Loe v. Lenhardt*, 362 P.2d 312 (Or. 1961); *Olmstead v. Reedy*, 387 P.2d 631 (Okla.1963); *Short v. Jones*, 613 P.2d 452 (Okla.1980) (holding that the notice-of-claim provision did not apply to damage to realty).

8. For current coverage of this area of law in North Dakota see N.D. Cent. Code § 4-35-21.1, which states that such civil actions are prohibited "unless [notice is given] within sixty days from the date the claimant knew or reasonably should have known of the damage. . ."

9. For Oregon's rule see Or. Rev. Stat. Title 49 § 634.172 (1995), prohibiting claims "unless [notice is given] within 60 days from the occurrence of the loss, within 60 days from the date the loss is discovered, or, if the loss is alleged to have occurred out of damage to growing crops, before the time when 50 percent of the crop is harvested, . . ."