KITCHENS, Justice,
Concurring in result only.
¶ 19. I agree that Lutz Homes may bring a counterclaim, but not for the reasons stated by the majority. In my opinion, there is no need to engage in the business of statutory interpretation, because Lutz Homes, Inc., was a licensed builder prior to entering into the contract.
¶ 20. Lutz originally obtained his residential builder’s license while operating his business as a sole proprietorship. As required, each year he filed a renewal application with the State Board of Contractors, and his license was consistently renewed annually. For several years, he indicated on the renewal form that he was doing business as an individual, but once he began operating his business as a corporation, Lutz correctly reported the change. In his 2002 application, he noted that ownership of the business was different, that he was now operating as a corporation, that he was the president of the corporation, and he also listed the corporation’s federal tax identification number. Lutz filled out the form completely and accurately. He did not include the name of the new corporation, but the form did not ask for that information. It did have a blank for the “name in which license is issued” (emphasis added), and Lutz correctly answered, “Barry R. Lutz.”
*65 ¶21. From the record before us, it appears that Lutz did everything he was required to do to ensure that his corporation was lawfully operating with a residential builder’s license. The information filed with the State Board of Contractors clearly indicated that the license renewal was for a corporation, and this first occurred some three years before Lutz and the Westons contracted with each other.
¶ 22. The majority finds, however, that Lutz Homes, Inc., was not a licensed builder because Lutz did not file a separate application to change the name on his license. The majority relies on language from the Board of Contractors Regulations, regulations not cited by either party, and which, according to the record, are not strictly enforced. In 2006, according to Lutz, he was able to make the technical name change to his license with a simple telephone call. There is no indication that the State Board of Contractors required him to file a separate application or pay a $50 fee. Moreover, Lutz maintains that he was not aware “that he could have requested that [the license] be transferred from Barry R. Lutz to Lutz Homes, Inc. or even that this action was desirable and/or necessary as a condition to any future attempt to enforce a contract.”
¶ 28. Finding that Lutz Homes, Inc., was unlicensed at the time the contract was entered into and performed, the majority opinion goes on to reason that the corporation may still pursue a counterclaim through an interpretation of the statute that, with respect, I find highly problematic and strained. The majority holds that a residential builder may file a civil action seeking to collect payment for work done without a license, as long as that builder obtains a license prior to filing suit. Reading Mississippi Code Section 73-59-9(3) in the context of the entire statutory scheme, I believe this interpretation to be erroneous.
¶ 24. The pertinent language provides, “[a] residential builder or remodeler who does not have the license provided by this chapter may not bring any action, either at law or in equity, to enforce any contract for residential building or remodeling or to enforce a sales contract.” Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556. The immediately preceding subsections make it a misdemeanor, punishable by a fine of up to $5,000 and/or imprisonment of thirty to sixty days, to build or remodel a residence without a license. Miss.Code Ann. § 73-59-9(l)-(2), extended by 2009 Miss. Laws ch. 556.
¶ 25. This strong prohibition against residential construction work by unlicensed corporations, partnerships, or individuals, which clearly is penal in nature, is simply reinforced by the additional penalty of prohibiting unlicensed builders or remo-delers from using the state’s courts to try to collect unpaid bills for residential construction work performed without benefit of the required license. Such an interpretation is consistent with the majority’s conclusion that the intent of the statute is “to protect [consumers] against the dangers associated with unlicensed builders.” Yet, following the majority’s reasoning, an unlicensed builder could utilize Mississippi’s courts to enforce a contract for work illegally performed if only the builder obtained a license in advance of filing suit. Surely the Legislature could not have intended such a patently perverse course of events.
¶ 26. Indeed, traditional rules of statutory construction militate against this Court’s reaching the conclusion that it does today via the path traveled by the majority. “Unthought of results must be avoided if possible, especially if injustice follows, and unwise purpose will not be *66 imputed to the Legislature when a reasonable construction is possible.” Evans v. Boyle Flying Service, Inc., 680 So.2d 821, 825 (Miss.1996) (quoting McCullen v. State, 217 Miss. 256, 63 So.2d 856, 861 (1953)). Moreover, “[w]hen no valid reason exists for one of two possible constructions of a statute, the interpretation with no valid reason ought not be adopted.” Allred v. Webb, 641 So.2d 1218, 1222 (Miss.1994) (citing Thornhill v. Ford, 213 Miss. 49, 56 So.2d 23, 30 (1952)). I see no valid reason why the Legislature would allow a builder to sue for work performed without a license, so long as the builder obtains a license prior to filing suit. The prohibition against bringing suit should apply to those builders and remodelers who were unlicensed at the time the work in question was performed.
¶ 27. Having said that, I nevertheless would hold that this builder was not and is not prohibited by the statute from maintaining a civil action, in this case by means of its counterclaim, in an effort to collect what it claims it is owed by the Westons, inasmuch as Lutz, either individually or corporately, was continuously licensed at all relevant times. Barry R. Lutz had done everything the State Board of Contractors’ form asked of him to transfer the license he had acquired and maintained as an individual to the corporate entity he had organized to continue his residential construction and remodeling business without interruption. In short, this building contractor is not prohibited from utilizing Mississippi’s court system in pursuit of its claim against Mr. and Mrs. Weston for the simple and obvious reason that the contractor was properly licensed at all relevant times.
¶ 28. For these reasons, I respectfully concur in result only.
GRAVES, P.J. AND CHANDLER, J., JOIN THIS OPINION. DICKINSON, J. JOINS THIS OPINION IN PART.